[No. 5483.   Decided March 8, 1905.]

JANE WARD, *Respondent,* v. A. HINKLEMAN *et al.,*
*Appellants.*[1]

LANDLORD AND TENANT—NEGLIGENCE—DANGEROUS PREMISES—
REPAIRS—INJURY TO STRANGER—TENANT PRIMARILY LIABLE FOR—
TENANCY.  A landlord is not liable for injuries sustained by a
stranger through a defect in an approach to a dwelling-house,
included in the lease and under the exclusive control of the
tenant, where there is no evidence that the defect existed at the
time of the making of the lease, and in the absence of an ex-
press agreement to make repairs, since the duty devolves pri-
marily upon the tenant.

SAME—TENANCY FROM MONTH TO MONTH—COMMENCEMENT OF
TERM.  In the case of a tenancy from month to month, the ten-
ancy is deemed to be a continuing one, and the liability of the
landlord for repairs depends upon the condition of the premises
at the beginning of the first monthly tenancy.

Appeal from a judgment of the superior court for King
county, Morris J., entered May 31, 1904, upon the verdict
of a jury in favor of the plaintiff, in an action for personal
injuries sustained in a fall through a defective approach
to premises owned by defendants.   Reversed.

*Benson & Hall,* for appellants.

*Joseph M. Glasgow* and *Crary & Ogden* for respondent.

RUDKIN, J.—On the 26th day of June, 1902, and for
about eight months prior thereto, the defendants were the
owners of certain real property, on Seventh street in the
city of Seattle.   On this property were situate five tene-
ment houses, which were rented to different tenants, from
month to month.   For eight months prior to the above
date, one of these houses was rented to a Mrs. Zufeldt.
The latter house was constructed on piling, about eight feet

[1] Reported in 79 Pac. 956.

back from the abutting sidewalk. There was a porch along the front of the house, extending about five feet toward the street, leaving a space of three feet between the porch and the sidewalk. This intervening space was covered with boards, one inch in thickness, attached to the porch at one end and to the sidewalk on the other.

A daughter of the plaintiff occupied a room or rooms in the Zufeldt house. On the above date the plaintiff called to visit her daughter, and, as she passed over this intervening space between the sidewalk and the porch, the boards gave way, precipitating her to the ground, some seven or eight feet below. As a result of this fall, the plaintiff was seriously injured. There was no written lease of the house in question, so far as the record discloses. Mrs. Zufeldt testified that she simply rented the house, and that the lots were used in common by all the tenants. There was no agreement for repairs between Mrs. Zufeldt and the defendants, but it appeared in evidence that the defendant A. Hinkleman was about the demised premises from time to time, collecting rent, viewing the premises, and making such repairs as he deemed necessary. This action was brought against the defendants, as owners of the property, to recover damages for the injuries caused the plaintiff by falling through the approach to the porch. Plaintiff had judgment below, and the defendants appeal.

The complaint alleged the ownership of the property by the appellants, and that the appellants had the management and control thereof, at the time of the injury complained of; that the flooring of the porch was rotten and defective; that the porch and the approach thereto were defective in construction, rendering them dangerous and unsafe to walk upon, and that the appellants had notice of their defective and dangerous condition, or, by the exercise of reasonable care and prudence, could and would have had such notice. The answer admitted the ownership of the prop-

erty, but denied that the appellants had the management or control thereof, and alleged affirmatively that, at the time of the injury complained of, and for about eight months prior thereto, the house and premises were in the possession of Mrs. Zufeldt, as a tenant from month to month; that, during said time, said tenant had the exclusive possession and control of the premises; and that there was no contract or agreement between the appellants and their said tenant respecting repairs. The answer further pleaded contributory negligence. The affirmative defenses in the answer were denied, and, upon these issues, the case was tried.

The tenancy of Mrs. Zufeldt was admitted at the trial, and while she and other witnesses testified that she only rented the house, and that the other portions of the property were used in common by all the tenants, we entertain no doubt that the lease extended to and included the porch and the approaches thereto, that the house, the porch, and its approaches were under the exclusive control and dominion of the tenant, and that she was primarily liable for the repairs thereof. The liability of the landlord to third persons, for injuries from defective repair of demised premises, is thus stated in 18 Am. & Eng. Ency. Law (2d ed.), p. 238:

"As a general rule the landlord is not liable for injuries to third persons during the tenancy from the defective repair of the demised premises; and where the landlord has created no nuisance and is guilty of no wilful wrong, or fraud, or culpable negligence, he incurs no liability for any injury suffered by any person occupying or going upon the premises during the term of the demise, at the invitation or license of the tenant, such as members of the family, employees, guests, or customers of the tenant. This rule has been held to extend to the demise of a building used for public purposes. Where, however, at the time of the letting the premises are in a dangerous or unsafe condition

for the avowed purpose for which they are let, the landlord
is liable for injuries to the person or goods of a third person
lawfully upon the premises arising from such unsafe con-
dition; and this is especially true where the building is let
for a public entertainment.   The reason for the rule hold-
ing the landlord liable to strangers for injuries from the
dangerous condition of such premises at the time of the
letting is that the landlord, by letting the premises in such
condition, authorizes the continuance of such condition,
and is therefore guilty of misfeasance."

Again, at page 240:

"Where at the time of letting the premises are in a
proper state of repair, and they are permitted by the tenant
to get into a condition dangerous to the public or to third
persons, the landlord is not, as a general rule, liable to
third persons for injuries caused therefrom during the ten-
ancy."

Again, page 242:

"Where a landlord is sued by a third person for injuries
caused by the dangerous condition of the premises, the bur-
den is upon the plaintiff to show that such condition existed
at the time of the letting."

The rule here announced is sustained by all the authori-
ties.    Shearman & Red., Negligence (5th ed.), § 708;
Thompson, Negligence, § 1129, *et seq.*  In *Kansas v. Brua,*
107 Pa. St. 85. repeated in *Fow v. Roberts,* 108 Id. 489, it
is said:

"We do not doubt but that, in the absence of an agree-
ment to repair, the landlord is not liable to a third party
for a nuisance resulting from dilapidation in the leasehold
premises whilst in the possession of a tenant."

In *Lowell v. Spaulding,* 4 Cush. 277, 50 Am. Dec. 775,
Shaw, C. J., said:

"By the common law, the occupier and not the landlord,
is bound, as between himself and the public, so far to keep
buildings in repair that they may be safe for the public;
and such occupier is *prima facie* liable to third persons for
damages arising from any defect.   If, indeed, there be

an express agreement between landlord and tenant, that the former shall keep the premises in repair, so that in case of a recovery against the tenant, he would have his remedy over, then, to avoid circuity of action, the party injured by the defect and want of repair, may have his action in the first instance against the landlord. But such express agreement must be distinctly proved."

In *Glass v. Colman,* 14 Wash. 635, 45 Pac. 310, this court held that, if premises are so constructed as to be entirely safe at the time of letting, the landlord is not responsible for damages flowing from improvements placed on the premises by the tenant after taking possession. In *Johnson v. Tacoma Cedar Lumber Co.,* 3 Wash. 722, 29 Pac. 451, the court cites the following from Shearman & Redfield on Negligence, § 711:

"The liability of the landlord, however, exists only in favor of persons who stand strictly upon their rights as strangers. Those who claim upon the ground that they were invited into a dangerous place must seek their remedy against the person who invited them. If they are the guests of the tenant, he, and not the landlord, is the person from whom they must seek redress for injuries caused by any defects in the premises;"

and says:

"This statement of the law by Shearman & Redfield is quoted in many cases where this question is raised, and can be conceded to state the general consensus of judicial opinion. It would be as unreasonable as it is unjust to hold the owner of manufacturing establishments responsible for all damages that might occur by reason of the machinery not being kept in proper repair by his lessee, when he by the very operations and conditions of the written lease could have no supervision over it. If such a responsibility would attach during a short lease it would also attach during a long lease, and as no prudent man could afford to run such risks, the practical result would be to deprive the owner of the right to lease his premises."

It is true the above language was used in reference to the lease of a shingle mill; but the same reasons apply in other cases, though perhaps with less force. See, also, *Fisher v. Thirkell,* 21 Mich. 1, 4 Am. Rep. 422; *Johnson v. McMillan,* 69 Mich. 36, 36 N. W. 803; *Ahern v. Steele,* 115 N. Y. 203, 22 N. E. 193 12 Am. St. 778, 5 L. R. A. 449, and cases cited.

The cases cited by the respondent are in conformity with these views. They all concede that the liability of the landlord depends upon the condition of the premises at the time of letting, and not at the time of the injury, unless he is under contract to keep the demised premises in repair. There is nothing in the case of *Lough v. John Davis & Co.,* 30 Wash. 204, 70 Pac. 491, 94 Am. St. 848, 59 L. R. A. 802, and the same case reported in 35 Wash. 449, 77 Pac. 732, inconsistent with these views. The question as to the duty of making repairs between the landlord and the tenant did not arise in that case, and was not passed upon. The injury in that case resulted from a defect in the property which was not included in the lease, and the duty to repair such property rested upon the landlord, and not upon the tenant.

The court below seems to have placed the liability of the appellants on the ground that a nuisance existed. We will not stop to inquire whether or not a mere defect in a private approach to a private residence can properly be classed as a nuisance, as the liability of the landlord for a nuisance is co-extensive with his liability for lack of repairs. The nuisance must have existed at the time of the letting, or the property must have been let for a purpose which would naturally create a nuisance, or the landlord must have assented to the creation of the nuisance. A mere defect, caused by a failure to repair after letting, where the premises were in proper repair at the time of letting, and where the duty to repair devolves upon the tenant, imposes

no liability on the landlord, even though the lack of repair might in time create a nuisance. See authorities above cited.

Counsel further says that, assuming that Mrs. Zufeldt was in possession of the defective premises, she was merely a tenant from month to month, and there was, in contemplation of law, a re-letting at the beginning of each month. The legal fiction that there is a re-entry and a re-letting at the beginning of every month is too refined to meet our approval. It is true, our statute declares that where premises are rented for an indefinite time, with monthly rent reserved, the tenancy shall be construed to be a tenancy from month to month. But the statute further provides that the tenancy shall continue until terminated by a notice, and unless so terminated the tenancy is a continuing one.

"In case of periodical tenancies, the better doctrine seems to be that the tenancies for the several recurring periods are to be considered as constituting a continuing tenancy and not a renewal of the lease for each new period, and therefore the liability of the landlord depends upon the condition of the premises at the time of the beginning of the first periodical tenancy." 18 Am. & Eng. Ency. Law (2d ed.), p. 244.

For the foregoing reasons, the appellants were not responsible for the defective condition of the demised premises at the time of the injury complained of, and, inasmuch as no attempt was made to charge them with liability for such defect at any other time, the court should have instructed the jury, as requested, to return a verdict in their favor.

For this error, the judgment is reversed, with directions to dismiss the action.

Mount, C. J., Dunbar, Fullerton, and Hadley, JJ., concur.

Root and Crow, JJ., took no part.