[No. 7429.   Decided April 15, 1909.]

CHARLES BAKER, *Appellant*, v. WILLIAM MOELLER, *Respondent*.[1]

LANDLORD AND TENANT—DANGEROUS PREMISES—INJURY TO SERVANT OF LESSEE—LIABILITY OF OWNER. The lessor of a sawmill is not liable to the employees of the lessee for injuries sustained by reason of holes in the floor, left to let sawdust and refuse drop into the waters below, where there was no covenant in the lease requiring the landlord to repair, and no concealment or fraud on his part, and he retained no control or supervision over the premises.

Appeal from a judgment of the superior court for King county, Griffin, J., entered April 6, 1907, in favor of the defendant, upon sustaining a demurrer to the amended complaint, dismissing an action for personal injuries. Affirmed.

*Vince H. Faben, C. K. Poe,* and *S. H. Kelleran,* for appellant.

*Harrison Bostwick,* for respondent.

CROW, J.—Action by Charles Baker against William Moeller, to recover damages for personal injuries. The trial court sustained a demurrer to the amended complaint and dismissed the action. The plaintiff has appealed.

The only question before us is whether the amended complaint states a cause of action. The appellant alleged, that the respondent owned, on the tide lands of Seattle, a build-

[1]Reported in 101 Pac. 231.

ing equipped as a mill, which on August 15, 1904, he leased to appellant's employer, knowing it would be used as a saw-mill, and that workmen would be employed therein; that the building and machinery were unsafe for the purpose for which they were leased, or for any purpose where men were to move about; that the dangers consisted of exposed and un-guarded holes in the floor, designedly left to let sawdust and refuse into the waters of Elliott Bay; that a dock upon which the mill was built was directly over, and a number of feet above, tide water; that sawdust and refuse were permitted to fall through the holes, and accumulate under the mill, to be washed away by the tide; that on October 5, 1904, sawdust had accumulated to such an extent as to conceal the holes; that respondent, as an employee of the lessee, then engaged in operating a sticker machine, stepped upon the sawdust obscuring one of the holes; that he lost his balance, fell against the knives of the machine, and was injured; that the machine was unguarded, old and worn; that appellant had been working upon it only about one hour; that he had no knowledge of the holes; that never before had he operated that machine or any similar machine, and that he did not know the dangers surrounding him.

The amended complaint does not state a cause of action. It makes no allegation that respondent as lessor contracted to make repairs; that he rented the building for any public use; that he caused the holes to become filled with sawdust, and obscured; that he retained control over any portion of the leased premises; that he operated or was interested in the operation of the mill; that he was guilty of fraud or deceit in making the lease; that the alleged holes and defective con-dition of the machinery were not apparent to the lessee; that the lessor concealed any latent defects known to him; that the lessee did not have knowledge of the condition of the mill, or that there was any contractual relation between the ap-pellant and the respondent upon which the former could predicate a claim of negligence against the latter. Appel-

lant entered upon the premises only as employee of the lessee. He was in no better position to maintain an action for damages than his employer would have been if injured. As far as the respondent's liability is concerned, appellant entered under the same title and assumed the same risks as the lessee.

"In the absence of covenant on the part of the landlord to repair, no active duty is imposed on him to disclose apparent defects which are equally within the knowledge of the tenant, or which the latter might ascertain by due diligence, the rule of *caveat emptor* applying in such cases with full force; and in such cases the landlord is not liable for subsequent injuries resulting from such defects." 24 Cyc. 1114, and cases cited.

It is true that the same text announces the further rule that, in the absence of an express contract to repair, a lessor who leases property with knowledge of latent defects which he conceals from the lessee is liable for injuries resulting to the lessee by reason of such defects. But no such doctrine is applicable here, as appellant has failed to plead any latent defects or their concealment by the lessor. The lessee knew as much about the defects as did the respondent. Appellant's employer leased, accepted, and used, the premises with knowledge of the defects, which, to him at least, were open and apparent. He could not, under such circumstances, recover damages from the lessor for injuries sustained by reason of the defective condition of the premises.

"The general rule is that where a tenant has knowledge of the defective condition of the premises, and continues thereafter to use or occupy the same, he is presumed to assume the risk, and in case of injury resulting from such defects he is held to be guilty of contributory negligence, and hence cannot recover therefor." 24 Cyc. 1121, and cases cited.

No contractual relation having existed between the appellant and the respondent, and appellant having entered upon the premises only as the servant of the lessee, his right to recover against the respondent is in no manner superior to that of his employer.

"The general rule is that a subtenant, guest, or servant of the tenant is regarded as so identified with the tenant that his right to recover against the landlord is the same as the tenant's right would be had the accident happened to him; but he can have no greater claim against the landlord than the tenant himself would have under like circumstances." 24 Cyc. 1119.

In *Johnson v. Tacoma Cedar Lumber Co.*, 3 Wash. 722, 726, 29 Pac. 451, this court quoted with approval § 711 of the 4th ed., Shearman & Redfield on Negligence, as follows:

"The liability of the landlord, however, exists only in favor of persons who stand strictly upon their rights as strangers. Those who claim upon the ground that they were invited into a dangerous place must seek their remedy against the person who invited them. If they are the guests of the tenant, he, and not the landlord, is the person from whom they must seek redress for injuries caused by any defects in the premises."

Commenting on the foregoing section, this court then said:

"This statement of the law by Shearman & Redfield is quoted in many cases where this question is raised, and can be conceded to state the general consensus of judicial opinion. It would be as unreasonable as it is unjust to hold the owner of manufacturing establishments responsible for all damages that might occur by reason of the machinery not being kept in proper repair by his lessee, when he by the very operations and conditions of the written lease could have no supervision over it. If such a responsibility would attach during a short lease it would also attach during a long lease, and as no prudent man could afford to run such risks, the practical result would be to deprive the owner of the right to lease his premises."

See, also, *Ward v. Hinkleman*, 37 Wash. 375, 79 Pac. 956; *Whitmore v. Orono Pulp & Paper Co.*, 91 Maine 297, 39 Atl. 1032, 64 Am. St. 229 and note, 40 L. R. A. 377. The above authorities are controlling in this case.

The demurrer was properly sustained. The judgment is affirmed.

Morris, Mount, Parker, Dunbar, Fullerton, Chadwick, and Gose, JJ., concur.