[No. 16987. Department One. May 8, 1922.]

KATE C. HOGAN, *Appellant*, v. METROPOLITAN BUILDING COMPANY, *Respondent*, ANNIE LAURIE BUCK, *Cross-Appellant*.[1]

LANDLORD AND TENANT (75, 80)—DEFECTIVE PREMISES—LIABILITY TO TENANT AND THIRD PERSONS. Since a landlord, as to the safety of an entrance way, owes no greater duty to an invitee of the tenant than to the tenant, he is not liable for personal injuries to a customer of tenant's store who slipped and fell on an inclined entrance way, where the defect, if any, was open and apparent, and the leased premises were taken *caveat emptor*.

NEGLIGENCE (17) — CONTRIBUTORY NEGLIGENCE — KNOWLEDGE OF DANGER—ASSUMED RISK. A customer leaving a store assumes the risks, as a matter of law, of slipping on an inclined entrance way, plainly obvious and called to her attention, and which was similar to, and no steeper than, many entrances to similar places in the city with which she was well acquainted.

Cross-appeals from a judgment of the superior court for King county, Hall, J., entered July 16, 1921, upon the verdict of a jury rendered against one of the defendants only, in an action for personal injuries sustained through falling upon the entrance way to a store. Affirmed on plaintiff's appeal; reversed on defendant's appeal.

*A. W. Hastie* and *E. P. Dole,* for appellant Kate C. Hogan.

*Bronson, Robinson & Jones,* for appellant Annie Laurie Buck.

*Farrell, Kane & Stratton,* for respondent.

[1]Reported in 206 Pac. 959.

MITCHELL, J.—Annie Laurie Buck conducted a re-tail shoe store in a building in Seattle owned by the Metropolitan Building Company, a corporation. Kate C. Hogan, a customer of the shoe store, was injured by a fall in the entrance way from the door to the sidewalk, on the 2d day of August, 1920, and brought this action therefor against both the owner of the building and the proprietor of the store. There was a verdict against both defendants. It was set aside and the action was dismissed as to the owner, from which the plaintiff has appealed. The tenant, Annie Laurie Buck, interposed a motion for judgment notwithstanding the verdict, which was denied by the trial court and judgment was entered on the verdict against her, from which she has appealed.

The parties may be spoken of as plaintiff, owner and tenant, respectively. The situation of the door of the shoe store to the sidewalk was such that, from a single step at the sidewalk, the entrance way rises regularly eleven inches in the distance of seven and one-half feet to the door. The entrance way was constructed of evenly troweled cement. The tenant had conducted the business some five years and, from the testimony, had a daily average of two hundred to two hundred and fifty business callers, with no accident prior to this one. On the day in question, the plaintiff entered the place through this, the only doorway to the place, purchased a pair of new shoes, kept them on, and on going out, carrying her old shoes and one or several other articles in her arms, lost her footing on the cement way from the door down to the sidewalk and was injured. The accident happened on a bright dry day about ten o'clock in the morning. There was no obligation on the part of the landlord to repair. Indeed, the place at which the plaintiff fell was strong and substantial, and struc-turally just as it was when the building was erected.

Concerning the liability of the owner, it is to be noticed that the plaintiff entered the premises under the right of occupancy and by the solicitation or invitation of the tenant. In such case, the owner owes no greater duty to such third person than he does to the tenant himself. *Johnson v. Tacoma Cedar Lumber Co.,* 3 Wash. 722, 29 Pac. 451; *Baker v. Moeller,* 52 Wash. 605, 101 Pac. 231; *Mesher v. Osborne,* 75 Wash. 439, 134 Pac. 1092, 48 L. R. A. (N. S.) 917; *Ames v. Brandvold,* 119 Minn. 521, 138 N. W. 786. And even if it be conceded there was a defective or dangerous condition in the entrance way, the tenant himself, had he been injured, could not have recovered from the owner, under the rule in this state, because there was no obscure or latent defect or danger in the place, and the owner was under no obligations to uphold the premises but delivered them into the entire control of the tenant. In such instances it is held, in harmony with the general rule, that a tenant takes the leased property *caveat emptor. Howard v. Washington Water Power Co.,* 75 Wash. 255, 134 Pac. 927, 52 L. R. A. (N. S.) 578; *Mesher v. Osborne, supra; Johnston v. Nichols,* 83 Wash. 394, 145 Pac. 417.

As to the appeal of the tenant, she contends that the charge of negligence against her for maintaining the entrance way cannot, as a matter of law, be sustained under the circumstances of this case. Respondent's contention is that the way was dangerous and unsafe because of the steepness and evenness of its surface. The testimony abounds with proof that it is not an uncommon thing in the city of Seattle to find the same kind of construction on steeper inclines, both upon the sidewalks of the city and many of the entrances to other places or buildings in the city. The plaintiff was well acquainted with the city. The accident complained of happened as she came out the same way she had used

on entering the store. It was perfectly plain, open and obvious to her, and, as a matter of fact, the salesman who waited on her, upon conducting her to the doorway as she was leaving, knowing she was wearing the new shoes, called her attention to the declining way to the sidewalk. We think that, as a matter of law, the risk was hers and that she is not entitled to recover.

Affirmed on plaintiff's appeal; reversed on the tenant's appeal, with directions to enter judgment in her favor notwithstanding the verdict.

PARKER, C. J., FULLERTON, TOLMAN, and MACKINTOSH, JJ., concur.