BOYCE v. CITIES SERVICE OIL COMPANY.

BAILMENTS—NEGLIGENCE—ELECTRIC GASOLINE PUMP—EXPLOSION.
  Lessor of electric gasoline pump was not, as a matter of law, liable for fatal injuries to lessee's son, received after lessee had reinstalled motor and replaced priming plug in such a way as to permit gasoline to be sprayed out within about 18 inches of the open switch box, where it appears the defect causing the explosion did not exist at the time of the leasing, was not known to defendants, and there was no duty to inform the lessee that an explosion might be so caused, as the lessee had operated electric motors and the gasoline pump, there being no showing that the lessor and its agent were guilty of any actionable negligence.

Appeal from Kalamazoo; Weimer (George V.), J. Submitted April 13, 1948. (Docket No. 24, Calendar No. 44,019.) Decided June 14, 1948.

REFERENCES FOR POINTS IN HEADNOTES
6 Am. Jur., Bailments, §§ 311–313.
Liability of bailor for personal injuries or death due to defects in subject of bailment.   12 A.L.R. 774; 61 A.L.R. 1336; 131 A.L.R. 845.

Case by Garrison Boyce, Sr., administrator of the estate of Garrison Boyce, Jr., deceased, against Cities Service Oil Company, a foreign corporation, and another for damages arising from death of his decedent. Disagreement by jury. Judgment for defendants. Plaintiff appeals. Affirmed.

*Howard & Howard,* for plaintiff.

*Alexander, Cholette, Buchanan, Perkins & Conklin* (*Edward D. Wells,* of counsel), for defendants.

Boyles, J. Plaintiff Garrison Boyce, Sr., brought this suit as administrator of the estate of his son Garrison Boyce, Jr., to recover damages for the death of his said son alleged to have been caused by "concurrent" negligence of the defendants. At the jury trial the defendants moved for a directed verdict at the close of plaintiff's proofs, and again at the close of all the proofs, on the ground that the plaintiff had failed to prove them guilty of any negligence. The court reserved decision and submitted the case to the jury, resulting in a disagreement. Defendants renewed their motions and also moved for judgment *non obstante veredicto.* The main ground relied upon by the defendants was and still is that the plaintiff had failed to prove that the defendants were guilty of any actionable negligence which was a proximate cause of the decedent's death. The court granted defendants' motion for a directed verdict and entered judgment accordingly. Plaintiff appeals. From a consideration of the facts shown by the record, viewed in the light most favorable to the plaintiff, it appears that the court reached the proper conclusion.

The defendants had installed a used motor-driven gasoline pump on the farm of Garrison Boyce, Sr., without cost, for his convenience and to enhance de-

fendants' gasoline sales, under a written lease arrangement. The defendant oil company loaned the pump to him, installed it free of charge, and he agreed in writing as follows:

"Acceptance or retention by lessee of said property shall constitute acknowledgment that he has received same in good order and repair without representation as to condition and with assumption of any defects therein latent or apparent. Lessee agrees that during the period of this bailment he assumes exclusive use and control of said property; that he will hold lessor harmless from any loss or claim in any way arising from its use, maintenance or operation; that he will inspect all said property from time to time and keep same in good repair; that he will insure and indemnify lessor against loss or injury thereto from any cause occasioned."

When first installed the pump worked satisfactorily but began to slow down and in a couple of months stopped working. Defendants sent a repairman out, who reported that the voltage was too low to operate the motor. Mr. Boyce had a used electric motor on the farm which had worked satisfactorily, and explained to the defendants that he would be willing to change motors. Defendants approved the change and said if it didn't work that Mr. Boyce could bring the gasoline pump motor into the Cities Service bulk plant, and the company would get it fixed. The agent, Locey, did not inquire from him whether the motor that he was going to put on the pump was explosion proof, nor did he warn him against removing the motor. Plaintiff concedes that as far as the Cities Service was concerned, it was all right with them and the defendant Locey if Mr. Boyce experimented with the gasoline pump.

Thereupon Mr. Boyce undertook to change motors. He removed the pump motor, then discovered that the extra motor he tried to install would not fit

into the pump. So he cleaned the pump motor and reinstalled it. In order to remove it, he had disconnected some wires that ran between a switch box and the motor in the pump. He removed the cover from the switch box and when he reinstalled the motor he connected the wires but did not replace the cover, thus leaving the switch box connections exposed. He primed the pump, and replaced the priming plug, but in doing so screwed it down with his fingers in such a loose manner that when the pump was started it would allow gasoline to be sprayed out within about 18 inches of the open switch box. The electric current which operated the pump was controlled by a switch at the house some distance away. Mr. Boyce, Sr., had the electric current turned on, whereupon the motor started and the pump began to work. Mr. Boyce, Sr., and his son (the decedent) were standing by the pump. When the gasoline started to come it was sprayed out around the priming plug, over both Mr. Boyce and his son, caught fire, and the son was so severely burned that he died shortly afterward.

Plaintiff bases claim for recovery on the assumption that the defendants were guilty of negligence in that they allowed Mr. Boyce to experiment with dangerous equipment with their approval without giving warning instructions about the hazards involved.

The acts of Mr. Boyce in removing and the failing to replace the cover over the switch box, thus leaving the operation of the gasoline pump exposed to the hazard of open contact of gasoline with electric voltage, and in replacing the priming plug in such manner that it allowed gasoline to be sprayed into or in close proximity with the open switch box, were the sole proximate cause of the explosion. The defects which caused the explosion did not exist at the time of the leasing, nor were they known to the defend-

ants. *Johnson* v. *McMillan,* 69 Mich. 36. See, also, *Pickens* v. *Crowley-Milner & Co.,* 258 Mich. 102, where this Court affirmed judgment for the defendants on directed verdicts. It was there held that the defendants were not guilty of claimed negligence for selling a defective gasoline stove merely because an explosion had occurred by flooding the stove with gasoline. There was no duty devolving upon the defendants to inform Mr. Boyce that an explosion may be caused by gasoline vapor or spray coming in contact with an exposed electric switch. He had operated electric motors, and the gasoline pump itself, for some time.

We conclude that the defendants were not guilty of any actionable negligence which was a proximate cause of the accident. The judgment is affirmed, with costs to appellees.

BUSHNELL, C. J., and SHARPE, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.