John L. Stanley v. The State.

last term, which affirmed the judgment of the Court below, and into which this error in the transcript from the Circuit Court had been copied, might be corrected.

---

JOHN L. STANLEY *v.* THE STATE.

COUNTY COURT PRACTICE.—*Bastardy warrant.*

1. It is not indispensable that the County in which the child is born should be set forth in the warrant upon an information of bastardy. (1)

2. SAME.—*Quorum Court.*—In a bastardy proceeding, the "quorum' Court of the County Court is competent to try the question of paternity.

3. BASTARDY.—*Appeal to Circuit Court—Trial without jury.*—Upon an appeal of a bastardy proceeding to the Circuit Court, it is competent for the Circuit Judge to try the question of paternity without a jury.

4. STATUTE CONSTRUED.—*Act of* 1822, *chapter* 29, *Widow, Single woman.* A widow is a single woman within the meaning of the act of 1822, chapter 29.

---

5. BASTARDY.—*Circuit Court Practice.*—*Bond.*—Where judgment is rendered against the defendant in the Circuit Court in a bastardy cause, appealed from the County Court, the bond indemnifying the County should be given in the County Court, for which purpose the cause should be remanded.

This cause was brought in the county court of Knox county in the usual manner, on the application of Mary Ault against John L. Stanley, charging him with being the father of her illegitimate child. The affidavit and warrant did not show that the child was born in Knox county, and a motion was made in the county court to amend them so as to show that fact, which was allowed by the court. On application an issue was made up to try the fact of the paternity of the child ; and at the request of Stanley a jury was accordingly summoned, who tried the same and found the defendant to be the father. The court rendered judgment against the defendant as prescribed by the act of assembly. From which judgment of the county court the defendant appealed to the circuit court.

The record shows that the trial took place at a "quorum" court.

In the circuit court the defendant moved to quash the proceedings of the county court, which motion was overruled. And thereupon the defendant asked for a jury, but the court refused to allow one. The court then heard the evidence, and *affirmed* the judgment of the county court. The court, Honorable Charles F. Keith presiding, directed the defendant should give bond in the circuit court to indemnify and save the county harmless, etc. The defendant appealed to the supreme court. The council for the plaintiff in error made several points in the case, upon which the opinion of the court is substantially given.

Stanley v. The State.

T. A. R. Nelson, D. W. Nelson; Lyon and Maynard for plaintiff in error.

Humphreys, Attorney General for the State.

McKinney, J., delivering orally the opinion of the court,

Held—1st. That the amendment of the affidavit and warrant by the county court was not erroneous. It is not indispensable that the place of birth should be set forth in the warrant It is a matter of evidence, and it is sufficient if it appear in the order of the court.(1)

2. The "quorum" court of the county court was competent to try the question of paternity, the legislature having conferred that power on it.

3. The circuit judge did not err in refusing a jury to try the question of paternity. The legislature has expressly given the power to the court to try that question. (2)

4. Mary Ault, being, as the proof shows, a *widow*, is a "single woman" within the meaning of the act 1822, ch. 29, and is therefore entitled to the same privileges as other single women ; and is not, as suggested by the counsel, excluded from the benefit of this act. (3)

(1) Edmunds v. The State, 5 Humph. 94, and note *sub fin.*

(2) While the County Court had jurisdiction to try causes by jury, held, that the defendant in a bastardy proceeding, was not entitled to a jury trial. Goddard v. The State, 2 Yerg. 96. But when the County Court allowed a jury trial, held, that it was not erroneous. State v. Coatney, 8 Yerg, 210; Kirkpatrick v. State, Meigs, 125.

But now the County Court has no power to try causes by jury; and on any appeal in a bastardy cause, the trial in the Circuit Court is by jury, Code, 5372; O'Neal v. The State, 2 Sneed, 215.

(3) A woman single when the child is begotten, and when she is sworn, is within the meaning of the law, though she marry before the child is born. State v. Ingram,4 Hayw. 221. Or pending the proceedings. O'Neal v. the State, 2 Sneed, 215.

But it was held that the circuit judge erred in directing the bond indemnifying the county to be given in that court, instead of remanding it to the county court to be given there. (1)

The court *reversed* the judgment of the circuit court, and awarded a *procedendo* to the county court, directing the bond from defendant to indemnify the county to be taken there.

(1) As to what is the proper judgment in the Circuit Court, O'Neal v. The State, 2 Sneed, 215, 220. And see the Code, 5373.