[No. 16380.  Department One.  August 29, 1921.]

H. J. WALLER, *Appellant,* v. KAY SMITH, *Respondent.*[1]

NEGLIGENCE (6)—INJURY TO PROPERTY—DUTY TO LICENSEE.  Where plaintiff, on a hunting trip, parked his automobile for a period of ten days on government land, in the vicinity of logging operations conducted by defendant under contract with the government, plaintiff was a mere licensee, and not entitled to recover for injuries to his car from being struck by a falling tree which had swerved from the course intended by the faller, there being no evidence of wanton or wilful acts on the latter's part causing the injury.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered September 30, 1920, upon findings in favor of the defendant, in an action in tort, tried to the court.  Affirmed.

*Lyle, Henderson & Carnahan,* for appellant.

*Wm. H. Pratt,* for respondent.

FULLERTON, J.—In this action the appellant, Waller, sought to recover in damages from the respondent, Smith, for injuries to his automobile.  From an adverse judgment, entered by the trial court on a trial of the action without a jury, Waller appeals.

On conflicting evidence, the court found the facts as follows:

"(1)  That the plaintiff herein is the owner of a certain Buick automobile.

"(2)  That, during the months of September and October, 1919, the defendant was engaged in logging operations in the vicinity of Brinnon, Washington, and removing the timber upon certain land belonging to the United States government, under contract held with the government for removing the same; that adjacent to the place where said defendant was conducting his logging operations was an abandoned road, which had been blocked up and unused at that point for a period

[1] Reported in 200 Pac. 95.

of some four years and the used road transferred some distance therefrom, both of said roads and said logging operations being located on United States government property.

"(3)   That, on or about the 23d day of September, 1919, the plaintiff parked his Buick automobile on the unused part of said road adjacent to where the defendant was conducting said logging operations, and the defendant, at the time the plaintiff parked his said automobile at said place, was then engaged in the cutting of trees in said logging operations but a little distance from said place, and said plaintiff, after so parking his automobile, left and went on a hunting trip in the mountains and was gone for a period of ten days, and during said time left his said automobile there for said period, unwatched and unattended; and that, at the time the plaintiff so left his automobile in said position, he knew of said logging operations and that the same were being carried on adjacent to said place, and knew of the danger of falling trees in the position where he had left his said automobile, and that during the time said automobile was left standing in said place, one of the employees of the defendant was cutting down a tree in the conduct of said logging operations, and the said tree accidentally and unavoidably fell so that it struck the plaintiff's automobile and injured the same, but that said employees were reasonably careful, and the striking of said automobile by said tree was the result of unavoidable accident and was not the wanton or wilful act of the said defendant's employee."

On the question of the weight of the evidence, it preponderates, in our opinion, with the findings of the trial court.   Clearly, there is no evidence showing that the act causing the injury was wanton or wilful, and it supports the conclusion that the employee of the respondent exercised reasonable care in falling the tree which caused the injury.   The accident was not, of course, unavoidable in an absolute sense, as it could have been avoided had the respondent ceased entirely

the work of falling timber during the time of the presence of the automobile on the premises, and it could perhaps have been avoided had the respondent refrained from falling the particular tree which caused the injury, but it was unavoidable in the sense that the faller of the tree could not foresee the conditions which caused the tree to swerve in falling from its intended course to a course in the direction of the automobile. The question then is whether, under the facts as found, the appellant is entitled to recover. We are of the opinion that he is not. Contrary to his contention, he did not have the same rights on the premises as the respondent had. The land was the property of the government, and the government had granted its temporary use to the respondent. It had granted no rights therein to the appellant. As between himself and the respondent he was at most a mere licensee, and the respondent's utmost duty towards him and his property was not to inflict upon him or upon his property a wilful or wanton injury. *Smith v. Seattle School District No. 1,* 112 Wash. 64, 191 Pac. 858.

There being no evidence of a wanton or wilful injury, it follows that the judgment must stand affirmed. It is so ordered.

PARKER, C. J., BRIDGES, MACKINTOSH, and HOLCOMB, JJ., concur.