[No. 18871.  *En Banc.*  March 4, 1924.]

IRA J. BOLDEN *et al., Appellants,* v. INDEPENDENT ORDER OF ODD FELLOWS, *Respondent.*[1]

LANDLORD AND TENANT (80)—DANGEROUS PREMISES—INJURY TO LICENSEE—LIABILITY—COMPLAINT—SUFFICIENCY. Since a landlord owes no greater duty to the guest of a club using the premises than he does to the club, a complaint against the owner of a dance hall, for injuries sustained by a guest of a club giving a dance in the hall, fails to state any cause of action, where it fails to allege his relationship to the club, which was at most but that of a licensee, and the only negligence charged was that the owner failed to provide a light at the top of a dark stairway, whereby the guest fell and was injured; the utmost duty to a mere licensee being not to inflict upon him a wilful and wanton injury.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered December 17, 1923, upon sustaining a demurrer to the complaint, dismissing an action for personal injuries sustained through falling down a stairway. Affirmed.

*E. C. Dailey* and *A. E. Dailey,* for appellants.

*G. M. Le Cocq* and *Clarence J. Coleman,* for respondent.

MACKINTOSH, J.—This is an appeal from a judgment of dismissal rendered upon the appellants' refusal to plead further after a demurrer had been sustained to their complaint, which alleged that the defendant was the owner of a lodge building in the town of Sultan; that on the 23d of September, 1922, the appellant attended a dance "given by the Sultan Commercial Club," which was held on the second floor of the building in the nighttime, "said hall being then and there at all times in charge of defendant;" that the appellant wife was injured by falling down a dark stairway, and

[1]Reported in 233 Pac. 273.

that the respondent "had carelessly and negligently failed to have any light burning at the head of said stairway in said building and by reason thereof plaintiff was injured." The question is, Does this complaint state a cause of action against the respondent.

It is first to be observed that the complaint does not describe the relations between the respondent and the Sultan Commercial Club. From all that is contained in the complaint, the Sultan Commercial Club may have been a bare licensee or a trespasser, though it is probably true that by implication the latter relationship is negatived by the allegation that the hall was at all times in charge of the respondent?

The first principle to be borne in mind is that the landlord, in order to be liable in damages to a guest, invitee or licensee of the tenant, must be liable to the tenant himself. The guest's, invitee's or licensee's right of recovery is no greater than the right of the tenant or person occupying the premises under the owner. The complaint is silent as to whether the appellant attended the dance given by the Sultan Commercial Club as a guest, invitee or licensee; but giving the complaint the most favorable interpretation possible for its sufficiency, it may be assumed that by the allegations it is intended to state that the appellant attended the dance as a guest or invitee or licensee of the Sultan Commercial Club, and that she was not a trespasser.

The liability for negligence rests upon an express or implied duty which the person sought to be held liable is under to the person who suffered the injury, and that duty, in the case of the owner of premises to the person seeking damages because of his negligence, is the duty which the owner owes to the person actually occupying the premises; in other words, if the Sultan Commercial Club were the tenant of the respondent, the appellant,

if she were the guest, invitee or licensee of the tenant, could only recover if the tenant could. If the Sultan Commercial Club were a licensee of the respondent, the appellant's right to recover would be that of a licensee; and if the Sultan Commercial Club were a trespasser, the appellant's rights would be those of a trespasser. This rule was last expressed by this court in the case of *Uhl Bros. v. Hull,* 130 Wash. 90, 226 Pac. 723, where it is said: "a tenant has no greater rights against the owner than has his immediate landlord, the sublessor." To the same effect see *Hogan v. Metropolitan Building Co.,* 120 Wash. 82, 206 Pac. 959, where Judge Mitchell, for the court, said:

"Concerning the liability of the owner, it is to be noticed that the plaintiff entered the premises under the right of occupancy and by the solicitation or invitation of the tenant. In such case, the owner owes no greater duty to such third person than he does to the tenant himself."

This rule is found expressed in *Johnson v. Tacoma Cedar Lumber Co.,* 3 Wash. 722, 29 Pac. 451, and *Baker v. Moeller,* 52 Wash. 605, 101 Pac. 231, from which latter this quotation may be taken:

"No contractual relation having existed between the appellant and the respondent, and appellant having entered upon the premises only as the servant of the lessee, his right to recover against the respondent is in no manner superior to that of his employer."

Also, in *Mesher v. Osborne,* 75 Wash. 439, 134 Pac. 1092, 48 L. R. A. (N. S.) 917, where this occurs:

"The tenant's guest, like his servant, is usually held to be so identified with the tenant that his right of recovery for injury as against the landlord is the same as that of the tenant would be had he suffered the injury. The guest cannot be regarded as possessing the independent rights of a stranger. His right of recovery is in no way superior to that of the tenant."

It being settled, therefore, that the appellant's rights are to be measured by the rights of the Sultan Commercial Club, an investigation of the relationship is necessary to determine what was the relationship between the Sultan Commercial Club and the respondent. The complaint does not state that relationship. There is nothing contained in it which expressly or by implication shows that the Sultan Commercial Club was invited to the premises. The authorities are that a complaint must show that the person injured was there by the invitation, express or implied, of the owner, when complaint is made of injuries happening on the premises, and that, in the absence of such allegation, the person will be presumed to be a trespasser. It is unnecessary to go farther into this matter than to say that the most favorable interpretation that can be given to the complaint is that the Sultan Commercial Club was a bare licensee. Thompson on Negligence, page 896; *Marcovitz v. Hergenrether*, 302 Ill. 162, 134 N. E. 85. To a bare licensee the only duty which the owner of the premises owes is not to wilfully injure him. An examination of this complaint shows no charge of wilfulness. *Gasch v. Rounds,* 93 Wash. 317, 160 Pac. 962. In *Smith v. Seattle School District No. 1,* 112 Wash. 64, 191 Pac. 858, we find a situation akin to the one in the instant case. It was there sought to hold a school district liable for defects in the elevator of a school building, where the superintendent had been allowed by the district to conduct a lunchroom and one of his employees using the elevator had been injured. We there said:

"As to the school district, a somewhat different question is presented. Appellant admits that, as to the school district, the county superintendent (although appellant contends that it was the county through the county school superintendent) in holding the teachers'

institute was the invitee or licensee of the school district and that: 'The owner of premises owes no duty to a mere licensee as to the condition of such premises save that he should not knowingly let him run upon a hidden peril or wantonly or wilfully injure him.' But while admitting this legal proposition, appellant contends that he was not such a mere licensee. Neither the county school superintendent nor the county was in any sense an invitee of the school district, not having been solicited nor invited to use the building; but the county school superintendent was, by permission, a mere licensee under the statute (Rem. Code, § 4481). It must be conceded that the appellant was the employee of the licensee, and we are unable to find any principle of law which would put him in a different status, such as that of an invitee of the school district itself, or a servant or employee of the school district, or a person of tender years invited either expressly or tacitly to use a dangerous apparatus, or a child using an · attractive nuisance, or a volunteer. He comes within none of these classes. The only class he could possibly be placed under would be that of an agent, servant or employee of the licensee of the school district's premises. That being the case, the duty owed toward him was exactly that owed toward the licensee; and that duty and the rule of liability surrounding same is well established by an almost universal array of authorities.''

In *Waller v. Smith*, 116 Wash. 645, 200 Pac. 95, on this question, Judge Fullerton expresses the doctrine of the court as follows:

''As between himself and the respondent he was at most a mere licensee, and the respondent's utmost duty towards him and his property was not to inflict upon him or his property a wilful or wanton injury.''

The rule as generally laid down is found in Thompson's Commentaries on the Law of Negligence, vol. 1, § 945:

''The owner or occupier of real property is under no obligation to make it safe, or to keep it in any

particular condition, for the benefit of *trespassers, intruders, mere volunteers, or bare licensees,* coming upon it without his invitation, express or implied."

It would seem, therefore, that the complaint was insufficient in that it does not allege any facts showing that the Sultan Commercial Club had any greater rights against the respondent than those accruing to a bare licensee, or any facts showing that the appellant was more than a guest of the Sultan Commercial Club. The court was therefore correct in sustaining the demurrer to the complaint, and the judgment is affirmed.

TOLMAN, C. J., MAIN, ASKREN, HOLCOMB, PARKER, and BRIDGES, JJ., concur.