[No. 26032. *En Banc.* July 20, 1936.]

MORRIS BUTTNICK, *Appellant,* v. J. & M., INC., *Respondent.*[1]

*Perry R. Gershon,* for appellant.

*Whittemore & Truscott* and *Harold A. Seering,* for respondent.

[1]Reported in 59 P. (2d) 750.

STEINERT, J.—This is an action for damages for personal injuries sustained by a patron of a restaurant, occasioned by his slipping and falling on a stairway leading from the restaurant to a street. The case was tried before a jury. At the conclusion of plaintiff's evidence, the defendant moved for a judgment of nonsuit. The motion was granted, and a judgment of dismissal with prejudice was subsequently entered. Plaintiff has appealed.

The only question upon the appeal is whether the evidence was sufficient to make a case for the jury.

A challenge to the sufficiency of the evidence or a motion for nonsuit admits the truth of plaintiff's evidence and all inferences that can reasonably be drawn therefrom, and requires that the evidence be interpreted most strongly against the defendant, or in the light most favorable to the plaintiff. *Weinman v. Puget Sound Power & Light Co.*, 175 Wash. 73, 26 P. (2d) 395; *Ball v. Pacific Coast R. Co.*, 182 Wash. 221, 225, 46 P. (2d) 391.

Stating the case according to, and within the limits of, this rule, we give the facts as follows: For about five years prior to August 28, 1934, respondent, J. & M., Inc., had conducted a restaurant in a building located at the southwest corner of First avenue south and Washington street, in the city of Seattle. The building fronts on First avenue south and extends back westerly along Washington street. There is an entrance to the restaurant on First avenue south. In the rear of the restaurant is a card room which has an entrance on Washington street.

A lunch counter extends along the northerly side of the restaurant, and in front of the counter is a row of stools for use by the patrons while eating. Back of the counter, and two or three feet from its westerly end, is a door opening onto a flight of four steps, con-

structed within the building and leading to the sidewalk on Washington street. The door is somewhat smaller than the other two entrance doors to which we have previously alluded. The smaller door and the stairway are used by employees of the restaurant in bringing in supplies and carrying out garbage. In order to reach this door from the main portion of the restaurant, one must pass around the end of the lunch counter and then, after turning to the right, proceed two or three feet.

It has for many years been the common practice of the public to use this stairway and door for purposes of ingress and egress to and from the restaurant. In fact, at times, particularly during the regular meal hours, the door has been kept open to attract the trade from Washington street and points west of First avenue south.

Through long and continued use, the steps of the stairway have become considerably worn, so much so that the treads slope downward an inch or more. In addition to this, grease and refuse from the restaurant have been allowed to spill and remain on the steps, causing slippery spots on their surface.

Prior to the time hereinafter referred to, appellant had been a frequent customer of the restaurant and on a number of occasions had used the door back of the lunch counter as an exit. He had also frequently observed other patrons coming into, and going out of, the restaurant through the same door. He had never used the door which led from the card room to Washington street.

On the day of the accident, August 28, 1934, appellant entered the restaurant from the First avenue south entrance and had breakfast at the lunch counter, occupying a stool near its westerly end and opposite the exit to Washington street. After he had com-

pleted his meal, he went around the end of the counter and out through the door back of it, proceeding in his usual manner of walking, and intending to go to his place of business on Railroad avenue, which is west of First avenue south. On one of the steps, his feet suddenly slipped out from under him, throwing him down upon the sidewalk. As a result, he sustained a broken hip. The fall was caused by some fatty or greasy substance on the steps, of which condition appellant was not previously aware.

By its answer, respondent presented two affirmative defenses: (1) that appellant, in making use of a door and stairway not intended for use by the public, became a mere licensee, and (2) that appellant was himself guilty of contributory negligence.

It is undoubtedly the rule in this state, as elsewhere, that the only duty which the owner of premises, or the proprietor of a business establishment therein, owes to a mere licensee is the duty not to injure such licensee wantonly or wilfully. *Hanson v. Spokane Valley Land & Water Co.,* 58 Wash. 6, 107 Pac. 863; *Shafer v. Tacoma Eastern R. Co.,* 91 Wash. 164, 157 Pac. 485, L. R. A. 1916F, 114; *Gasch v. Rounds,* 93 Wash. 317, 160 Pac. 962; *Waller v. Smith,* 116 Wash. 645, 200 Pac. 95; *Bolden v. Independent Order of Odd Fellows,* 133 Wash. 293, 233 Pac. 273; *Kinsman v. Barton & Company,* 141 Wash. 311, 251 Pac. 563; 1 Thompson on Negligence 871, § 945; 20 R. C. L., Negligence, pp. 55-61, §§ 53-55.

But it is also the rule, recognized by these same authorities, that it is the duty of the owner or proprietor to exercise reasonable care to maintain in a safe condition such portions of his premises as he invites the public to use for the purposes of the owner's or proprietor's business therein.

The evidence in this case, standing uncontra-

dicted, was sufficient to support a finding that the respondent, by its acts and course of conduct, had invited the public to patronize its restaurant by using the particular door and stairway. Under the evidence, appellant was at the time a patron, and was using a passageway accorded to patrons for the purpose of entering or leaving the establishment. His rights were, therefore, those of an invitee, and not those of a mere licensee.

The evidence was also sufficient to raise an issue of fact as to whether the respondent had exercised reasonable care to maintain the premises in a safe condition for its patrons.

On the issue of contributory negligence, the evidence was that the appellant had proceeded through the door and down the stairway in the ordinary manner followed by customers. Whether he saw, or in the exercise of reasonable care should have seen, the fatty substance on the stairway, and whether the care used by him in stepping down was, under the circumstances, the exercise of reasonable care, were also questions of fact for the jury to determine.

The court was not justified in disposing of these issues as matters of law.

The judgment is reversed, and the cause remanded for a new trial.

MILLARD, C. J., MAIN, TOLMAN, HOLCOMB, BEALS, and BLAKE, JJ., concur.

GERAGHTY, J. (dissenting)—Feeling that the trial court correctly granted the defendant's motion for nonsuit, I am constrained to dissent from the majority opinion.

The appellant, in order to make his exit through the small side door, had to go behind the lunch counter, a place where he had no business and to which he was

not invited. Taking this shortcut—if shortcut it was —he was a mere licensee. The physical conditions strongly negative any suggestion that the small door was intended for any use other than as a private service entrance.