[No. 31545.   Department One.   July 12, 1951.]

VICTOR P. MCNAMARA *et al., Appellants,* v. RUSSELL G. HALL *et al., Respondents.*[1]

[1]Reported in 233 P. (2d) 852.

*Harry Ellsworth Foster* and *Pebbles & Kuykendall,* for appellants.

*Frederick J. Orth* (of *Rode, Cook & Watkins*), for respondents.

DONWORTH, J.—This is an appeal from a judgment dismissing plaintiffs' action after the trial court had sustained defendants' demurrer to the second amended complaint without leave to amend. The action was brought to recover damages for personal injuries alleged to have been sustained by plaintiff wife while riding in an elevator located in defendants' home.

The pertinent portions of the second amended complaint are as follows:

"III

"Prior to July 23, 1949, defendants had negligently constructed and installed in said dwelling house and on said date were maintaining and operating therein a dangerous instrumentality to-wit: a large dumbwaiter or small freight elevator which was then being used as, and purported to be, a passenger elevator and which was unsafe, insecure, dangerous, defective, and improperly installed, as more particularly alleged hereinafter. At all times herein mentioned said dangerous instrumentality was under the exclusive control and management of defendants, and plaintiffs had no knowledge or notice whatsoever of its dangerous character and defective condition.

"At all times herein mentioned defendants well knew that plaintiffs had no knowledge or notice of the said defective condition and dangerous character of said instrumentality, but nevertheless wholly failed to inform or notify the plaintiffs, or either of them, thereof.

"IV

"On the 23rd day of July, 1949, plaintiffs, and each of them, were guests of defendants in the above mentioned dwelling house of defendants. While plaintiffs were in the said house, as aforesaid, defendants invited plaintiffs to enter said elevator, become passengers therein, and descend therein from one floor level of said house to another. Because of the said express invitation extended to plaintiffs by defendants, plaintiffs believed said elevator to be safe, and accepted said invitation, entered said elevator, and became passengers therein. Immediately thereafter, and while

plaintiffs were passengers in said elevator, it fell with great speed to the basement of defendants' dwelling house and caused the damages and injuries hereinafter alleged.

"V

"The sole and proximate cause ·of said damages and injuries to plaintiffs was the negligence of defendants in the construction, installation, operation, management and maintenance of said elevator and its machinery and mechanical equipment, which negligence is not known to plaintiffs, and is exclusively within the knowledge of defendants.

"Plaintiffs allege on information and belief that defendants were negligent in the following particulars:

"1. They knew, or by the exercise of reasonable care, should have known of the dangerous and defective character of said instrumentality.

"2. They failed to inspect said instrumentality properly, or to cause it to be inspected property prior to the time· of the aforesaid accident.

"3. They failed to equip said instrumentality with any safety devices whatsoever, including the following; springs with shock absorbers to cushion the impact in event the elevator carriage fell, automatic catches to stop the carriage in the event it started to fall, proper brakes or any brakes whatsoever, and counter-balancing weights.

"4. They caused and permitted an excessive amount of weight to be in the said carriage at the time of the said accident.

"5. They failed properly to align and secure the shieves on which the cables, which held the said carriage, moved.

"6. They installed the shieves in such a manner that the cables would not stay on them."

The broad question presented by this appeal is whether this complaint stated a cause of action. The answer to that question depends on whether the complaint alleged the breach of a duty owed by respondents to appellants.

Appellants concede that appellant wife, as a social guest of respondents, was a mere licensee on respondents' premises. It is clear, and appellants do not challenge the rule, that the duty of an owner or occupier of premises to a licensee on the premises is not to wilfully or wantonly injure him. *Garner v. Pacific Coast Coal Co.*, 3 Wn. (2d) 143, 100 P. (2d) 32; *Schock v. Ringling Bros. and Barnum & Bailey Combined Shows*, 5 Wn. (2d) 599, 105 P. (2d)

838; *Deffland v. Spokane Portland Cement* Co., 26 Wn. (2d) 891, 176 P. (2d) 311.

In the case of *Garner v. Pacific Coast Coal Co., supra,* we said:

"A long line of decisions in this state has emphatically declared and definitely settled the rule that, as to a bare or mere licensee, the owner or occupant of land owes only the duty of not wilfully or wantonly injuring him."

Appellants do not contend that they alleged wilful or wanton negligence on the part of respondents, and we are of the opinion that they did not.

In *Murray v. Oregon-Washington R. & Nav. Co.,* 175 Wash. 320, 27 P. (2d) 574, we said, quoting from *Price v. Gabel,* 162 Wash. 275, 298 Pac. 444:

" 'To constitute a wilful and wanton injury, the act which produced it must have been knowingly and intentionally committed, or it must have been committed under such circumstances as to evince a reckless disregard of the safety of the person injured.' "

Appellants clearly did not allege a wilful, that is, an intentional injury. Was there an allegation of wanton injury? Knowledge by respondents of the dangerous or defective character of the elevator is essential to a finding of wanton injury. *Price v. Gabel, supra; Garner v. Pacific Coast Coal Co., supra.*

In paragraph III of the complaint, appellants alleged that they did not know of the elevator's dangers and defects and that respondents knew they did not. This was manifestly not an allegation of respondents' knowledge of the dangers and defects. In paragraph V, it is further alleged on information and belief that respondents knew, or by the exercise of reasonable care should have known, of the dangerous and defective character of the elevator. We have expressly held such an allegation insufficient to charge actual knowledge. *Price v. Gabel, supra.* Being stated in the alternative, the allegation must stand or fall on the weaker of the alternatives. Thus, the complaint did not allege a breach of the occupier's duty not to wilfully or wantonly injure a licensee on the premises.

Appellants' primary contention, as stated in their brief, is as follows:

"The law is not challenged by the appellants that the occupier of the premises is not under a duty to make his premises safe for the use by a gratuitous licensee and that a social guest is a gratuitous licensee.

"This rule has two important exceptions, both of which are here applicable:

"First, the occupier of premises is under a duty to warn or notify the licensee of any concealed or hidden dangers.

"The second exception is that the occupier of premises is under a duty to a gratuitous licensee to refrain from any acts of affirmative negligence.

"It follows that for the breach of a duty there is a corresponding liability."

This contention is based primarily upon the rule, existent in some jurisdictions, that the occupier or owner is liable to a licensee for active negligence as opposed to passive negligence.

Thus, the gist of appellants' argument is that we should abandon the well-settled rule quoted above from the case of *Garner v. Pacific Coast Coal Co.*, *supra*. We see no compelling reason to depart from the rule there stated.

It is true that we have recognized that the rule is subject to two possible exceptions in *Christensen v. Weyerhaeuser Tbr. Co.*, 16 Wn. (2d) 424, 133 P. (2d) 797, where we said:

"It is the rule in this state that the only duty which the owner of premises, or the proprietor of a business conducted thereon, owes to a mere licensee is the duty not to injure such licensee wantonly or willfully. *Buttnick v. J. & M., Inc.*, 186 Wash. 658, 59 P. (2d) 750; *Garner v. Pacific Coast Coal Co., supra; Schock v. Ringling Bros. and Barnum & Bailey Combined Shows*, 5 Wn. (2d) 599, 105 P. (2d) 838. The rule as thus expressed does not exclude liability on the part of the owner or proprietor for extraordinary concealed perils against which the licensee cannot protect himself, or for unreasonable risks incident to the possessor's activities. Such exceptional circumstances, however, are not involved here."

However, the reference to these two exceptions was not necessary to the decision in that case.

■ That the basis of liability for injuries resulting from concealed perils rests on the occupier's failure to warn the licensee of the concealed peril of which the occupier has knowledge, is well settled. Prosser on Torts 631, § 78; Restatement, Torts, § 342.

It is unnecessary for us to ascertain the scope of the first exception, because actual knowledge by the occupier of the concealed peril is essential and the complaint, as previously noted, does not contain an allegation of actual knowledge.

The second exception is based on negligence in the conduct of activities carried on while licensees are on the premises or should reasonably be expected to be on the premises. Prosser on Torts 630, § 78; Restatement, Torts, § 341. This exception likewise has not been recognized in this state except in the dictum quoted from the *Christensen* case, *supra*. It would appear to have been presented to, but not considered by, this court in *Waller v. Smith*, 116 Wash. 645, 200 Pac. 95. In that case, the licensee's automobile was struck by a tree felled in the course of the occupier's logging operations. This court held that the licensee could not recover in the absence of proof of wanton or wilful injury.

■ The only allegation of negligence in this case that is not connected with the creation or maintenance of a condition of the premises is the allegation that respondents caused and permitted the elevator to be overloaded. Whether this second exception is or is not recognized in this state, we need not now determine, since we do not consider that the actions of the occupier in entertaining and accommodating his guests constituted an "activity" within the meaning of the rule.

Appellants assert that respondents, having gratuitously undertaken to transport appellant in the elevator, voluntarily assumed a duty to use reasonable care. This argument overlooks the existence of the previously discussed rules defining and limiting the duty of an occupier or owner of land to a licensee. See *Smith v. Seattle School Dist. No. 1*, 112 Wash. 64, 191 Pac. 858.

■ Appellants also argue that, with respect to the condition of the elevator, respondents were subject to the liability of a manufacturer or supplier of a dangerous chattel. Appellants alleged merely that respondents themselves constructed and installed the elevator in their own home. There was no allegation that respondents were manufacturers or suppliers of elevators as those terms are understood in both legal and common parlance.

For the reasons stated herein, we are of the opinion that, having failed to allege the breach of a legal duty owed to them by respondents, appellants' second amended complaint failed to state a cause of action. Consequently, the judgment of dismissal entered by the trial court should be, and hereby is, affirmed.

SCHWELLENBACH, C. J., BEALS, HILL, and FINLEY, JJ., concur.

