[No. 34997. Department One. November 12, 1959.]

HJALMAR HANSON, *as Guardian ad Litem of Timothy Watson, a Minor, Appellants,* v. EUGENE E. FREIGANG *et al., Respondents.*[1]

[1]Reported in 345 P. (2d) 1109.

*McCutcheon, Soderland & Wells* and *Sterbick, Manza, Moceri & Sterbick,* for appellants.

*Horace G. Geer,* for respondents.

DONWORTH, J.—This is an action to recover damages for personal injuries sustained by a fifteen-year-old boy from the explosion of a gasoline tank on defendants' property.

The trial court sustained a demurrer to each of the four causes of action set forth in the amended complaint and entered a judgment of dismissal.

The amended complaint alleges that defendants owned a partially fenced lot which they used for the purpose of storing supplies and equipment in connection with their con-

struction business. It is further alleged in the first cause of action:

"III. That shortly before the 5th day of July, 1955, the date of the transaction hereinafter described, the defendants caused to be placed upon said premises out in the open and fully visible and unprotected a large underground gasoline storage tank of the approximate capacity of 1000 gallons; that in the process of removing said tank from its previous underground installation and location, the defendants caused a hole to be ripped into the side of said tank with a bulldozer blade; the defendants knew that said tank contained an unknown quantity of gasoline and consequently was full of gasoline fumes, and knew that in its condition aforementioned, it was inherently dangerous and in a highly explosive condition; there was nothing about the appearance of the rusted and apparently abandoned tank to warn anyone of the presence of the gasoline or of the explosive nature of the tank; that danger was a hidden danger; defendants further knew that said premises were constantly, continuously and frequently entered upon and used by children who were attracted to Fletts Creek flowing through said property and to the supplies and equipment stored thereon; said defendants failed to render said tank harmless by filling it with water, steam cleaning it, repairing the hole, or by any other means; that in spite of the full knowledge of the foregoing facts, the defendants left said dangerous gasoline storage tank upon their premises unguarded, unprotected and exposed; defendants took no steps to give other people any warning of the hidden danger of which defendants were aware.

"IV. That said defendants well knew and appreciated at all times material to this action, all of the matters herein alleged; said gasoline storage tank was highly dangerous and in a condition where it would explode easily; the tank in its location and circumstances was naturally attractive and enticing to children; children, including the minor plaintiff, were naturally attracted and enticed onto the property and into handling and playing with the tank; defendants well knew and appreciated that a child would naturally and in the ordinary course of events, see and find such storage tank and would be attracted and enticed into coming onto the property and playing with it; it was reasonably foreseeable and highly probable that children playing around and on the tank, or other persons coming into contact with it, would cause it to explode.

"VI. That on or about the 5th day of July, 1955, the plaintiff, Timothy Watson, who was 15 years old at the time, was attracted as aforesaid onto the premises and to said large gasoline storage tank; the tank appeared to him to be rusted, old, abandoned, and harmless; he was ignorant of, and did not realize or comprehend the dangers involved, partly because of his youth and inexperience, and partly because of the deceptive condition and the hidden character of the danger; the plaintiff, Timothy Watson, hoping to hear a loud noise, dropped a lighted fire cracker into said tank by means of the hole aforementioned; immediately, said gasoline and fumes in the tank exploded violently blowing off one end and causing the plaintiff to be severely burned by the intense fire and heat generated by the exploding gasoline and fumes; his injuries are hereinafter set forth in particular."

The amended complaint then sets forth in detail the alleged injuries resulting to the minor plaintiff from the explosion.

The first cause of action alleges that the acts and omissions of defendants described therein constitute negligence. The second cause of action alleges alternatively that those same acts and omissions constitute wanton misconduct. The third and fourth causes of action state the amounts necessarily expended by the guardian *ad litem* for medical and hospital bills and for services rendered to the minor as the result of the injuries allegedly caused by the acts of defendants described in the first and second causes of action.

Appellants present the following assignments of error: (1) The trial court erred in sustaining the demurrer to the amended complaint and in entering judgment of dismissal; (2) the trial court erred in holding that the amended complaint did not state facts sufficient to constitute a cause of action for negligence; (3) the trial court erred in holding that the amended complaint did not state facts sufficient to constitute a cause of action for wanton misconduct; (4) the trial court erred in holding that plaintiff was guilty of contributory negligence as a matter of law.

As stated in the briefs of the respective parties, this appeal presents two distinct legal questions: (1) Do the facts, as alleged, constitute a cause of action for negligence? (2) Do the facts, as alleged, constitute a cause of action for wanton misconduct?

 The first cause of action is based on the doctrine of attractive nuisance. The elements which must be present for the doctrine to apply to a given case are set out in *Schock v. Ringling Bros.*, 5 Wn. (2d) 599, 105 P. (2d) 838 (1940). It is well established by the *Schock* case, and the cases cited therein dealing with the attractive nuisance doctrine, that the doctrine applies only to children of *tender* years. A child of tender years is one who, because of insufficient age, knowledge, experience, intelligence, judgment and discretion, is incapable of deliberating and acting upon his own experience and judgment. *Cox v. Hugo,* 52 Wn. (2d) 815, 329 P. (2d) 467 (1958); *Von Saxe v. Barnett,* 125 Wash. 639, 217 Pac. 62 (1923). In the absence of an allegation of lack of normal mental capacity in this minor, we feel that a fifteen-year-old boy does not fit within this category. In the two cases just cited, we at least intimated that a child over fourteen years of age was not a child of tender years.

Appellants argue that their causes of action are not required to rest strictly upon the attractive nuisance doctrine, and that the facts alleged constitute a cause of action under basic principles of negligence. This, of course, is simply an attempt to impose upon respondents the same standard of conduct that would be required of them if the doctrine of attractive nuisance applied to this case, namely that of reasonable care.

 The duty owed by respondents to the minor appellant is to be determined by the legal relationship which existed between them. Under the alleged facts, the minor appellant was, at best, a licensee. *Garner v. Pacific Coast Coal Co.,* 3 Wn. (2d) 143, 100 P. (2d) 32 (1940). As such, respondents owed him only the duty of not willfully or wantonly injuring him. *Schock v. Ringling Bros., supra,* and cases cited therein.

Appellants concede this to be the general rule, but argue

that an occupier of land is under the further duty to warn licensees of any concealed dangers on the premises. In support of their argument, appellants quote from *Christensen v. Weyerhaeuser Tbr. Co.*, 16 Wn. (2d) 424, 133 P. (2d) 797 (1943), as follows:

" . . . The rule as thus expressed does not exclude liability on the part of the owner or proprietor for *extraordinary* concealed perils against which the licensee cannot protect himself, or for unreasonable risks incident to the possessor's activities. . . ." (Italics ours.)

In at least two instances, we have expressly pointed out that the above quoted language was mere dictum. *McNamara v. Hall*, 38 Wn. (2d) 864, 233 P. (2d) 852 (1951); *Dotson v. Haddock*, 46 Wn. (2d) 52, 278 P. (2d) 338 (1955). Furthermore, in the *Dotson* case, *supra*, we went on to say:

" . . . The reference in the *Christensen* case is to 'extraordinary concealed perils.' As respondents point out, this connotes something exceptionally dangerous—out of the ordinary—a danger which is not frequently encountered. *In our opinion, it must be such a danger and so concealed that a failure to warn concerning it must be regarded as wanton or wilful.*" (Italics ours.)

Thus, assuming, *arguendo*, that the *Christensen* case, *supra*, is a correct pronouncement of the law in this state, it must still be found that respondents' conduct was willful or wanton before liability will attach. The allegation in the amended complaint that respondents' conduct was wanton is simply a conclusion of law. A demurrer does not admit conclusions of law. *Cook v. Seidenverg*, 36 Wn. (2d) 256, 217 P. (2d) 799 (1950), and cases cited.

It is not contended that respondents willfully injured the minor appellant, and we are of the view that, under the facts alleged in the complaint, it must be held that they did not wantonly do so either. In *Adkisson v. Seattle*, 42 Wn. (2d) 676, 258 P. (2d) 461 (1953), we said:

"Wanton misconduct is not negligence, since it involves intent rather than inadvertence, and is positive rather than negative. It is the intentional doing of an act, or intentional failure to do an act, in reckless disregard of the consequences, and under such surrounding circumstances and

conditions that a reasonable man would know, or have reason to know, that such conduct would, *in a high degree of probability,* result in substantial harm to another." (Italics ours.)

The facts as alleged here do not fit within the above stated rule. Every man knows that gasoline and its fumes, when exposed to fire, is quite apt to explode. However, appellants have not alleged *any facts* that would warrant the conclusion that respondents knew, or as reasonable persons should have known, that this gasoline was likely to come in contact with fire or any other igniting agent. There was no "high degree of probability" of harm to another unless the gasoline was likely to explode. Such an event would not be likely to occur unless the minor appellant dropped a lighted firecracker into the tank, or at least until he brought firecrackers onto the premises. Under these circumstances, knowledge on the part of respondents that the minor appellant had come upon the premises with firecrackers was an essential prerequisite to a finding of wanton misconduct. See *Garner v. Pacific Coast Coal Co., supra; McNamara v. Hall, supra.* Yet, there is no allegation in the amended complaint that respondents saw the minor appellant in the vicinity of the tank, or that they saw or knew that he was shooting off firecrackers on the premises. In short, respondents, as reasonable persons, did not know or have reason to know that their conduct would, in a high degree of probability, result in substantial harm to another.

The facts as alleged in the amended complaint fail, in our opinion, to show a breach of any legal duty owed the minor appellant by the respondents and are, therefore, insufficient to constitute a cause of action either for negligence or for wanton misconduct.

The trial court's order sustaining the demurrer as to each of the four causes of action was correct, and its judgment of dismissal is affirmed.

MALLERY, ROSELLINI, OTT, and HUNTER, JJ., concur.