[No. 36665. En Banc. August 15, 1963.]

JOHN C. POTTS, *Appellant*, v. JAMES W. AMIS, *Respondent*.*

*Reported in 384 P. (2d) 825.

*Gale P. Hilyer, Jr.*, for appellant.

*Murray & Dunham*, by *Wayne Murray*, for respondent.

ROSELLINI, J.—In this personal injury action, the plaintiff alleged that the defendant had negligently struck him in the jaw with a golf club while he was a guest at the defendant's summer home. The trial court found that, while engaged in demonstrating the proper use of the club, the defendant had failed to exercise ordinary care and had struck the plaintiff, but that his action was not wilful or wanton. The court further found that the plaintiff had exercised ordinary care for his own safety, but had not exercised extraordinary care.

Upon these findings, the court held that the defendant was not liable for the injuries, inasmuch as he had no duty to exercise ordinary care to avoid inflicting harm upon his guest. The correctness of this holding is challenged on appeal.

We have adopted the general rule that a social guest, although he is invited to the premises, is a licensee, rather than an invitee, as regards his host's duties toward him. *Dotson v. Haddock*, 46 Wn. (2d) 52, 278 P. (2d) 338; *Mc-Namara v. Hall*, 38 Wn. (2d) 864, 233 P. (2d) 852.

Traditionally, owners and occupiers of land have been accorded a certain immunity from tort liability, especially where injuries result from the condition or use of the premises. It has been felt that one in possession of land should not be required to take affirmative steps to make the premises safe for trespassers or gratuitous licensees. In accord with this view, we have consistently stated the rule to be that the duty toward a licensee or trespasser is not to wilfully or wantonly injure him. *Hanson v. Freigang*, 55 Wn. (2d) 70, 345 P. (2d) 1109; *Dotson v. Haddock, supra*; *McNamara v. Hall, supra*; *Deffland v. Spokane Portland Cement Co.*, 26 Wn. (2d) 891, 176 P. (2d) 311; *Christensen v. Weyerhaeuser Tbr. Co.*, 16 Wn. (2d) 424, 133 P. (2d) 797; *Schock v. Ringling Bros. & Barnum & Bailey Combined Shows*, 5 Wn. (2d) 599, 105 P. (2d) 838; *Garner v. Pacific Coast Coal Co.*, 3 Wn. (2d) 143, 100 P. (2d) 32;

*Holm v. Investment & Sec. Co.*, 195 Wash. 52, 79 P. (2d) 708; *Buttnick v. J. & M., Inc.*, 186 Wash. 658, 59 P. (2d) 750; *Kinsman v. Barton & Co.*, 141 Wash. 311, 251 Pac. 563; *Hiatt v. Northern Pac. R. Co.*, 138 Wash. 558, 244 Pac. 994; *Bolden v. Independent Order of Odd Fellows*, 133 Wash. 293, 233 Pac. 273; *Waller v. Smith*, 116 Wash. 645, 200 Pac. 95; *Smith v. Seattle School Dist. No. 1*, 112 Wash. 64, 191 Pac. 858; *Gasch v. Rounds*, 93 Wash. 317, 160 Pac. 962; and *McConkey v. Oregon R. & Nav. Co.*, 35 Wash. 55, 76 Pac. 526.

However, in *Christensen v. Weyerhaeuser Tbr. Co., supra*, exceptions to this rule were noted. This court said:

". . . the only duty which the owner of premises, or the proprietor of a business conducted thereon, owes to a mere licensee is the duty not to injure such licensee wantonly or willfully. . . . The rule as thus expressed does not exclude liability on the part of the owner or proprietor for extraordinary concealed perils . . . or for unreasonable risks incident to the possessor's activities. . . . "

It is the contention of the plaintiff in this action that his injuries were the result of an "unreasonable risk incident to the possessor's activities," and that it was the duty of the defendant to exercise ordinary care, knowing that if he did not wield the golf club with care he might injure the plaintiff.

The defendant argues that this court has never applied the exception relating to activities and has in fact rejected it. It is true that this court has never expressly applied the rule, but it has rendered decisions in which its applicability has been tacitly recognized. In *Schock v. Ringling Bros. & Barnum & Bailey Combined Shows, supra*, children who had come to watch the unloading of a circus train were injured when they were struck by the tongue of a runaway wagon. This court said that the unloading operation was not an attractive nuisance, and that the defendant was liable only for wilful and wanton injury. However, it held as a matter of law that the defendant did all that reasonable care required, saying:

"If we look at the matter wholly aside from the relevancy of the attractive nuisance doctrine, and consider the case

simply from the standpoint of appellant's duty under the circumstances to the spectators in general, whether adults or minors, we come to the same conclusion. If we proceed upon the theory that appellant was bound by the rule of reasonable care rather than by the 'wilfull and wanton negligence' rule, we are convinced that appellant fully complied with its duty when it repeatedly warned the multitude to stay away from the platform. Appellant was not an insurer, and in the exercise of reasonable care it was not required to suspend its operations until, by inspection and test, it had found every piece of machinery and equipment to be free from all possible defects."

In the case of *Waller v. Smith, supra,* the plaintiff had parked his automobile in an area where logging operations were being carried on. A falling tree damaged the car. While this court said, in exonerating the logging operator, that his only duty was not to wilfully or wantonly injure the plaintiff's property, it held as a matter of law that there was no negligence. Again, the statement regarding the duty of the logger was not necessary to the decision.

Our research and that of counsel have revealed only two other cases involving alleged active negligence on the part of a defendant. In *Hiatt v. Northern Pac. R. Co., supra,* the plaintiff, a trespasser, was killed by a train as he was proceeding along a railway track. This court held that it was for the jury to decide whether the crew of the train were guilty of wilful and wanton negligence, when they must have seen the plaintiff and other trespassers and a very short time thereafter made a flying switch, sending a car along after them without any lights or anyone on board to give warning.

This court was asked to apply the dictum of the *Christensen* case, *supra,* in *McNamara v. Hall,* 38 Wn. (2d) 864, 233 P. (2d) 852. There, the plaintiff was injured when an overloaded elevator in defendants' home fell. It was found that the complaint fell short of alleging that the defendants knew of the defective condition of the elevator; therefore, the act of the defendants in inviting the plaintiff to ride in it was not wilful or wanton.

In speaking of the exceptions to the rule set forth in the dictum of the *Christensen* case, this court said that the first

exception required actual knowledge. In regard to the second exception, it said that the overloading of the elevator was only an action in entertaining guests, and

". . . Whether this second exception is or is not recognized in this state, we need not now determine, since we do not consider that the actions of the occupier in entertaining and accommodating his guests constituted an 'activity' within the meaning of the rule."

In all the other cases proclaiming that an owner or occupier is liable only for wilful and wanton conduct, the injuries complained of have been caused, not by an activity of the defendant, but by some condition of the premises.

In *Hanson v. Freigang, supra,* the defendants left a punctured gasoline storage tank on their property. A 15-year-old boy, trespassing on the property, dropped a lighted firecracker in the tank and was injured when gasoline vapors in the tank were ignited. It was held that the defendants were not guilty of wanton misconduct in leaving the tank on their land in that condition, because they could not be expected to foresee that, in a high degree of probability, this would result in substantial harm to another.

In *Dotson v. Haddock, supra,* a church committee met at the home of one of its members, and another member was injured when she fell on the front steps of the home. The steps were in a state of disrepair. It was held that the condition of the steps was not an extraordinary concealed danger, requiring the defendant to warn the plaintiff of its presence.

The defendant in *Deffland v. Spokane Portland Cement Co., supra,* was held not liable for the death of a 13-year-old boy who was killed when he came in contact with high voltage wires on the defendant's property while searching for pigeons. He was a trespasser, or at most a licensee, and the attractive nuisance doctrine was held not to apply. The plaintiff in *Christensen v. Weyerhaeuser Tbr. Co., supra,* was killed when he fell from a wharf belonging to the defendant. At the time, he was endeavoring to string an electric light wire to the ship on which he was employed, and apparently received a shock from the connection.

In *Garner v. Pacific Coast Coal Co., supra,* two girls were injured while using a path over a disused coal mine refuse dump, and it was found that the owner did not have knowledge of the fact that because of spontaneous combustion, a bed of hot cinders had formed beneath the path. Consequently he could not be held guilty of wanton negligence in failing to warn the girls of the danger.

The plaintiff in *Holm v. Investment & Sec. Co., supra,* was held to be an invitee, to whom the defendant hotel owner owed a duty to keep the halls and passageways in a reasonably safe condition. He was allowed to recover for injuries sustained when he fell through an open elevator shaft. Also, in *Buttnick v. J. & M., Inc., supra,* the plaintiff was an invitee, and it was held to be a jury question whether the defendant was negligent in not removing grease from the floor near a back or side door of the restaurant where he was a patron. In *Kinsman v. Barton & Co., supra,* the plaintiff, a licensee, stepped through a hole in the floor of a garage belonging to the defendant, who was exonerated. The plaintiff licensee in *Bolden v. Independent Order of Odd Fellows, supra,* fell down an unlighted stairway in a clubhouse belonging to the defendant. This court held that the defendant was not required to light the stairway for a licensee. A boy who fell through an opening in an elevator was held to be a licensee, to whom the owner owed only a duty to refrain from wilful and wanton misconduct, in *Smith v. Seattle School Dist. No. 1, supra.*

In *Gasch v. Rounds, supra,* the plaintiff was invited to visit the defendant's premises, at night, but was advised to remain outside the building because of danger inside. He, nevertheless, stepped through the door and was injured when he fell into an unguarded pit. This court held that, when he entered an area into which he was not invited, he became a licensee, to whom the owner owed no duty except not to wilfully and wantonly injure him. It also held that he was guilty of contributory negligence. And in *McConkey v. Oregon R. & Nav. Co., supra,* the plaintiff, a trespasser, fell through a hole left by workmen making repairs on a

railroad bridge. In addition to holding that the defendant had no duty to warn the plaintiff of the danger, this court held that the latter was guilty of contributory negligence.

It will be seen that, while this court has often enunciated the rule that an owner or occupier of land owes no duty to a licensee other than the duty not to wilfully or wantonly injure him, almost invariably where the rule has been applied, the licensee was injured because of some defect in or condition of the premises. In two cases where the injury complained of was caused by some activity of the defendant, although the rule was stated to be that a wilful and wanton injury must be shown, it was found as a fact that the defendant was not guilty of any negligence. In *Hiatt v. Northern Pac. R. Co.*, *supra*, while speaking in terms of wilful and wanton negligence, this court recognized that, once the presence of trespassers becomes known, a duty arises to use some care not to injure them. In *McNamara v. Hall*, *supra*, if there was active negligence, this court refused to characterize it as such.

The text writers are in general agreement that, where activities of the defendant are involved, the test should be one of reasonable care under the circumstances. As in other negligence cases, the risk of harm should be balanced against the expense and inconvenience of avoiding it. Prosser, Law of Torts (2d ed.) § 77, p. 445, states the applicable rule as follows:

"A licensee is a person who is privileged to enter upon the land by virtue of the possessor's consent. The possessor is under no obligation to exercise care to make the premises safe for his reception, and is under no duty toward him, except:

"a. To use reasonable care to discover him and avoid injury to him in carrying on activities upon the land.

"b. To use reasonable care to warn him of any concealed dangerous conditions or activities which are known to the possessor, or of any change in the condition of the premises which may be dangerous to him, and which he may reasonably be expected not to discover. Once the licensee in fact discovers the danger, he may not later complain of it."

This statement is in accord with the dictum of this court in *Christensen v. Weyerhaeuser Tbr. Co., supra.* It is also in accord with the following rule set forth in Restatement, Torts § 341:

"A possessor of land is subject to liability to licensees, whether business visitors or gratuitous licensees, for bodily harm caused to them by his failure to carry on his activities with reasonable care for their safety, unless the licensees know or from facts known to them, should know of the possessor's activities and of the risk involved therein."

In 2 Harper & James, Law of Torts § 27.10, p. 1475, we find the following relevant discussion. (In quoting it, we have omitted some of the footnoted authorities):

"There are a good many dicta—mostly in older cases—and some holdings to the effect that the occupier of land owes the bare licensee no greater duty than to refrain from intentional, or willful or wanton, misconduct towards him. 'The prevailing view is to the contrary, however, and it is now generally held that in cases involving injury resulting from *active conduct*, as distinguished from conditions of the premises, the landowner or possessor may be liable for failure to exercise ordinary care towards a licensee whose presence on the land is known or should reasonably be known to the owner or possessor.' [quoting from *Oettinger v. Stewart*, 24 Cal. (2d) 133, 148 P. (2d) 19.]

"The statement just quoted suggests that no duty of care might be owed to a licensee whose presence is not known nor reasonably to be known. But, in speaking of licensees, Bohlen has said: 'All are to be expected; no act may be done which threatens any of them.' [quoting from Bohlen, Studies in the Law of Torts 61 (1926).] And surely it may be foreseen in a general way that permission given will be availed of. Probably the best way to look at the matter is to say, with Bohlen, that the occupier, in his active conduct, owes the duty of care to all licensees, but to recognize that such duty may not require the taking of precautions as to activity which involves no unreasonable likelihood of harm. So if, as a matter of fact, the presence of a licensee is not to be foreseen at any given time or place, the carrying on of activities there without precautions, e.g., lookout or warning, cannot be said to be negligent as to him. There is the duty, but no breach of it in fact. At any rate, there is well-nigh universal agreement that the duty of care is owed to licensees whose

presence is to be expected. And, of course, the duty of care to the licensee whose presence is actually known is clear."

In a footnote to this last sentence, the writer says:

"Once a person's presence becomes known, the significance of the classifications largely disappears, and he is owed the duty of reasonable care (as to activities) whatever his status on the land. Peaslee, Duty to Seen Trespassers, 27 Harv. L. Rev. 403 (1914); 2 Restatement of Torts § 341, Comment c. This does not mean, however, that the plaintiff's status may have no bearing on what conduct defendant may reasonably expect of him. Id., Comment d."

The cases are annotated in 156 A.L.R. 1226. In a comment on page 1234, the writer of the annotation says:

"The doctrine or theory that a property owner may be liable to a bare licensee, or even to a trespasser, for 'active negligence' constitutes an attempt to remedy a perceived injustice by mitigating the old rule that the property owner was liable to noninvitees only for wilful or wanton injuries. While the purpose of the doctrine is a laudable one, the difficulties in drawing a line between active and passive negligence make it an unsatisfactory means of reaching the desired end.

"It is submitted that the true test of the property owner's liability is whether he has acted as a reasonably prudent man would act in view of the probability of injuries to others. It must be remembered that a trespasser is not denied the right to recover because a trespass is a wrongful act, but because, since his presence is not to be anticipated, the property owner owes him no duty to take precautions for his safety. That anticipation of the presence of a trespasser or licensee is the basis of liability for injury is demonstrated by the exception from the general rule of nonliability made by the common law in the case of mantraps and spring guns."

This court, while it has often enunciated the old rule of nonliability to licensees except for wilful and wanton inflicting of harm, has nevertheless manifested of late a willingness to accept the rule of reasonable conduct under the circumstances. In the recent case of *Ward v. Thompson*, 57 Wn. (2d) 655, 359 P. (2d) 143, the plaintiff was injured when a scaffold on which he was standing collapsed. While he was found to be a business invitee, we said that such a

finding was not necessary in order to hold the defendant liable. Speaking for the court, Judge Donworth said:

"But aside from the technicalities of respondent's legal status, in our view, appellants owed a duty to maintain the scaffolding in a reasonably safe condition, and this duty extended to *all* persons standing thereon with the permission, express or implied, of appellants. By their very nature, any substantial defects in the construction of a scaffold necessarily involve recognizable risks of serious bodily harm to any persons standing on it. *Cf. Straight v. B. F. Goodrich Co.*, 354 Pa. 391, 47 A. (2d) 605 (1946). The duty of appellants to maintain the scaffold in a reasonably safe condition cannot be abrogated or altered on the basis of timeworn distinctions between licensees and invitees. *Cf. Mills v. Orcas Power & Light Co.*, 56 Wn. (2d) 807, 355 P. (2d) 781 (1960). Where the danger of harm is great, as it is with scaffolds, ladders, and the like, public policy requires that the occupier of the premises take the utmost precaution to keep such equipment in a safe condition."

In *Mills v. Orcas Power & Light Co.*, cited in the above quotation, this court imposed upon the owner of an easement the duty of giving warning of the presence of its power lines, because of the risk of harm to passengers in airplanes flying over it. In the opinion written by Judge Foster, it was said:

"The imposition of such duties accords with the foreseeability criterion of requiring a duty of care. It is also in conformity with the well-settled common-law principle that one must exercise reasonable care to maintain his property so as not to injure those using the adjacent highway. [citing cases]"

Also in *Sherman v. Seattle*, 57 Wn. (2d) 233, 356 P. (2d) 316, we applied the doctrine of foreseeability in a case where a child was injured by a lift apparatus at a dam site owned by the city. We held that the apparatus was not an attractive nuisance because it was not enticing to young children. Liability was imposed nevertheless, the court saying:

"In view of the peculiar facts of this case, we feel that the standard of care owed respondent by appellant cannot be made to depend upon respondent's technical status on appellant's premises at the time of the accident. On the contrary, we think that regardless of respondent's status—

be it that of an invitee, licensee, or trespasser—appellant owed him the duty to use reasonable care."

It is this duty which the plaintiff seeks to have imposed in this case. There is no question but that the harm which was inflicted upon him was foreseeable; and the trial court's findings show that the defendant failed to exercise ordinary care to avoid injuring the plaintiff, while the plaintiff did exercise ordinary care for his own safety. Under the well-established principles of the law of negligence, the plaintiff is entitled to recover. The mere fortuitous circumstance that this injury occurred while the plaintiff stood upon land belonging to the defendant should not relieve the latter of liability.

We need not determine at this time whether the rule applicable to injuries resulting from the condition of the premises should be revised. But we hold that, an owner or occupier of land has a duty to exercise reasonable care to avoid injuring a person who is on the land with his permission and of whose presence he is, or should be, aware. This holding is in accord with the second exception mentioned in the dictum of the *Christensen* case. Insofar as *McNamara v. Hall, supra, Waller v. Smith, supra,* and *Schock v. Ringling Bros. & Barnum & Bailey Combined Shows, supra,* are inconsistent with this holding, they are hereby overruled.

The judgment is reversed and the cause remanded with directions to determine the plaintiff's damages and enter judgment accordingly.

FINLEY, HUNTER, HAMILTON, and HALE, JJ., concur.

HILL, J. (concurring specially)—We are deciding this case in a vacuum. There is no statement of facts. There are no exceptions to the trial court's findings or its conclusions.

The only evidentiary facts are: The plaintiff was a social guest at defendant's summer home. The defendant endeavored to demonstrate with a golf club the proper swing,

" . . . Several practice abbreviated swings were made by the defendant, but the plaintiff could not understand the instructions. The defendant thereupon turned and took

a full force swing with the club, which on the upstroke struck the plaintiff under the left jaw, causing injuries to the plaintiff."

The statement "That the plaintiff did use ordinary care for his own safety and well being under the circumstances" was also labeled as a finding of fact.

From these findings the following conclusions were drawn:

"I.    That the plaintiff was a social guest on the premises of the defendant and as such a bare licensee.

"II.    That the defendant owed to the plaintiff, a bare licensee, only the duty not to wilfully or wantonly injure him.

"III.    That the act of the defendant in swinging the golf club, was an act of ordinary negligence but was not wilful or wanton misconduct.

"IV.    Defendant being liable only for wilful, wanton misconduct, the plaintiff must exercise more than ordinary care for his own safety, which he did not do.    Therefore, under the facts and circumstances herein, plaintiff was, under the rule of law applicable, contributorily negligent, and the defendant's Motion to Dismiss at the conclusion of all of the evidence must be granted and this action dismissed with prejudice and the defendant recover his costs and disbursements herein to be taxed."

The only material conclusion was part of No. III:

"That the act of the defendant in swinging the golf club, was an act of ordinary negligence   .   .   ."

This, together with the labeled finding: "That the plaintiff did use ordinary care for his own safety and well being under the circumstances," calls for a judgment for the plaintiff on the issue of liability.

We are not told wherein the act of the defendant in swinging a golf club was negligent; nor are we told wherein the plaintiff "did use ordinary care for his own safety." When this case is hereafter cited to us, it must be remembered that the negligence of the defendant and the lack of contributory negligence on the part of the plaintiff were both conceded.

That is all there is to the case, stripped of the fallacious contentions—that the defendant was not liable to his social guest for the defendant's misconduct unless it was wilful or wanton; and that, consequently, the plaintiff as a guest was obligated to exercise more than ordinary care for his own safety at the hands of his host. (Cases dealing with the question of defective conditions of the premises are not pertinent; we are concerned with the positive actions of the property owner.)

I am in entire accord with the majority's conclusion:

" . . . The mere fortuitous circumstance that this injury occurred while the plaintiff stood upon land belonging to the defendant should not relieve the latter of liability."

Whether these parties were on a golf course, in a stranger's vacant lot, or on the defendant's lawn is quite immaterial so far as their duties toward each other are concerned.

Liability follows, as heretofore indicated, from the unchallenged findings and conclusions; hence, I concur in the remand with instructions to determine the plaintiff's damages.

OTT, C. J., DONWORTH, and WEAVER, JJ., concur with HILL, J.