GEORGE LEE TATUM *v.* K. W. RESTER

5-4106                                                    412 S. W. 2d 293

Supplemental opinion on denial of rehearing delivered March 27, 1967

[Original opinion delivered February 20, 1967, 241 Ark. 1059.]

PAUL WARD, Justice. In a petition for rehearing the appellee insists that, under the rules governing the liability of an owner or occupier of land, he was under no duty to exercise ordinary care for the appellant's safety until he knew or reasonably should have known that the appellant was in a position of danger. On this basis it is contended that our original opinion in the case at bar is in conflict with Paragraph B of AMI 1106, which is said by counsel to be a correct statement of the law.

We adhere to our opinion. When the condition of the premises has no ca sal connection whatever with the injury to the plaintift, the status of the defendant as an owner or occupier of land is irrelevant. We agree with the view expressed by the Supreme Court of Washington in *Potts* v. *Amis,* 62 Wash. 2d 777, 384 P. 2d 825. There the plaintiff was a guest at the defendant's summer home. In attempting to demonstrate the correct use of a golf club the defendant struck and injured the plaintiff. The

condition of the premises obviously had no bearing upon the cause of the plaintiff's injury. Hence the court was, we think, correct in making this declaration of law: "The mere fortuitous circumstance that this injury occurred while the plaintiff stood upon land belonging to the defendant should not relieve the latter of liability." For the contrary view, with which we disagree, see *Cochran* v. *Abercrombie*, Fla. App., 118 So. 636, 79 A. L. R. 2d 986.

In the case at bar the condition of the premises had no *causal* connection with the appellant's injury. His hand was mashed against a man-made post, but the same thing would have happened if the obstruction had been a tree or other harmless object. Hence the court should have instructed the jury upon the rule of ordinary care as in the *Linxwiler* case, cited in our original opinon, where, as here, the condtion of the premises had nothing to do with the accidental injury.

We do not now pass upon the accuracy of Paragraph B of AMI 1106 except to point out that it should not be given when, as in the case at bar, there is no relationship between the plaintiff's cause of action and the condition of the premises. There is no reason for us now to speculate upon whether or not a fact situation might arise which would justify the trial court in giving Paragraph B of AMI 1106.

Rehearing denied.