[No. 37818.  Department Two.  January 27, 1966.]

VEAR E. PHELPS *et al., Appellants,* v. LAURIE E. WESCOTT, JR., *et al., Respondents.**

*Reported in 410 P.2d 611.

*Vaughn E. Evans,* for appellants.

*Ferguson & Burdell,* by *W. Wesselhoeft,* for respondents.

PER CURIAM.—Appellants (plaintiffs), as husband and wife, brought this action for personal injuries suffered by Mrs. Phelps in a fall on some steps leading onto respondents' (defendants') residence premises.

Appellants alleged that, at the time of the accident, they were business invitees of respondents, and that Mrs. Phelps' injuries were occasioned by respondents' failure to maintain their steps in a reasonably safe condition. Respondents denied these allegations and as an affirmative defense relied upon the doctrine of volenti non fit injuria.

The trial judge submitted the various factual issues formulated by the pleadings and the evidence to the jury by the special verdict procedure provided for in Rule of Pleading, Practice and Procedure 49(a), RCW vol. 0.[1] This was accomplished by a series of six interrogatories accompanied by instructions as to the law bearing upon the respective

---

[1] "The court may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact. In that event the court may submit to the jury written questions susceptible of categorical or other brief answer or may submit written forms of the several special findings which might properly be made under the pleadings and evidence; or it may use such other method of submitting the issues and requiring the written findings thereon as it deems most appropriate. The court shall give to the jury such explanation and instruction concerning the matter thus submitted as may be necessary to enable the jury to make its findings upon each issue. If in so doing the court omits any issue of fact raised by the pleadings or by the evidence, each party waives his right to a trial by jury of the issue so omitted unless before the jury retires he demands its submission to the jury. As to an issue omitted without such demand the court may make a finding; or, if it fails to do so, it shall be deemed to have made a finding in accord with the judgment on the special verdict." RPPP 49(a), RCW vol. 0.

issues. The first five interrogatories revolved about the issue of liability and the sixth related to damages, all of which the jury was required to answer. The jury answered the first five interrogatories adversely to appellants' contentions, and, pursuant to directions of the court, assessed the amount of damages suffered by appellants in answer to the sixth interrogatory. Appellants' post trial motions were denied, and judgment of dismissal was entered upon the basis of the jury's findings upon the issue of liability. This appeal followed. Nineteen assignments of error are advanced.

We have carefully reviewed the transcript and the statement of facts in the light of appellants' assignments of error. This review convinces us that our determination of appellants' third assignment of error is necessarily dispositive of the appeal.

By their third assignment of error appellants assert:

The trial court committed error in submitting Interrogatory No. 3 to the jury, for the reason that there was no evidence upon which the jury could find that the defendants exercised reasonable care.

Interrogatory No. 3, to which no exception as to form and content was taken, reads as follows:

Did the defendant husband exercise ordinary and reasonable care to maintain the steps in a reasonably safe condition for the use of business invitees exercising ordinary care for their own safety?

The jury answered this interrogatory "Yes."

Preparatory to its consideration of this interrogatory, the jury was instructed, by instruction No. 6, to which no pertinent exception was taken, that

An owner of real property, such as a home, owes to his business invitees the duty of exercising ordinary care to keep his premises in a reasonably safe condition for use by them while they are exercising ordinary care for their own safety.

For any breach of the duty owing by the owner to his business invitees which proximately results in an injury to an invitee, the owner is liable for resulting damage.

Briefly, the apposite evidence adduced at the trial indicated that the steps in question were five in number and somewhat unorthodox in their construction, being fashioned from stone and varying in rise, tread, and width; that appellants were familiar with the characteristics and nature of the steps; that the precise cause of Mrs. Phelps' fall was undetermined, appellants hypothecating that it resulted either from a step breaking or dislodging or from the presence of "pea gravel" on the steps; that respondents had no knowledge of any structural frailty in the steps, and there was no affirmative or expert testimony that the steps, as constructed, were structurally unsound; that respondent husband habitually inspected the steps for and cleared them of "pea gravel"; and that such an inspection was made on the day of the accident.

Against this backdrop, we are convinced the trial court did not err in submitting interrogatory No. 3 to the jury, and that there was substantial evidence before the jury upon which it could premise a finding that the defendants exercised that degree of care defined by instruction No. 6.

■ We are not here confronted under the evidence with an extraordinary and concealed peril as in *Christensen v. Weyerhaeuser Timber Co.,* 16 Wn.2d 424, 133 P.2d 797 (1943) (a defective electrical system), an object yielding a recognizable risk of serious bodily harm as in *Ward v. Thompson,* 57 Wn.2d 655, 359 P.2d 143 (1961) (a defective scaffold), or active conduct as distinguished from a condition of the premises as in *Potts v. Amis,* 62 Wn.2d 777, 384 P.2d 825 (1963) (swinging a golf club). Thus, instruction No. 6 simply and amply expounded the basic duty of care resting upon respondents in relation to the steps in question.

■ This being so, and instruction No. 6 otherwise becoming the law of the case, we cannot substitute our judgment for that of the jury's upon the issue of the presence or absence of reasonable care on the part of respondents.

Forthrightly recognizing the overall significance of the jury's response to interrogatory No. 3, appellants' counsel, in keeping with the traditions of advocacy, zealously argues that claimed errors in the trial court's actions and instruc-

tions, defining and submitting the issues involving the status of appellants as business invitees or licensees, the doctrine of volenti non fit injuria, and damages, deprived appellants of a fair trial upon the underlying issue of fault.

With his argument we cannot agree. Whether Mrs. Phelps is characterized as a business invitee, to whom respondents owed the duty to exercise ordinary care in keeping their premises in a reasonably safe condition,[2] or a licensee, to whom respondents owed a duty to refrain from willfully and wantonly inflicting harm,[3] the fact remains that the controlling issue was the presence or absence of some degree of fault upon the part of respondents. Without a finding of such fault, liability could not in either event be imposed upon respondents. The jury having specifically found that there was no such fault or breach of duty by respondents toward business invitees, it follows that respondents exercised the requisite degree of care insofar as licensees be concerned.

The fact that the other issues were framed by the pleadings, the evidence, and the instructions, and that interrogatories were submitted with respect to such issues, did not compel or suggest an affirmative answer to interrogatory No. 3. Under the evidence, and in keeping with the instructions and the answers given by the jury to the other interrogatories, interrogatory No. 3 could have been consistently answered either way. We are unwilling to assume that the jury did not fairly and objectively consider the evidence and appellants' contentions relative to the issue of fault on the part of respondents.

Finding no reversible error, we affirm the judgment.

September 2, 1966. Petition for rehearing denied.

---

[2] *Dotson v. Haddock,* 46 Wn.2d 52, 278 P.2d 338 (1955).
[3] *Dotson v. Haddock,* 46 Wn.2d 52, 278 P.2d 338 (1955).