**Delores June Thompson WILSON, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 70–396.**

United States District Court, W. D. Oklahoma, Civil Division.

June 25, 1971.

---

James M. Little, O. A. Cargill, Jr., Oklahoma City, Okl., for plaintiff.

John Green, Oklahoma City, Okl., for defendant.

## MEMORANDUM OPINION

DAUGHERTY, District Judge.

Plaintiff sues the Defendant under the Federal Tort Claims Act, 28 U.S.C.A. § 2671 et seq. Plaintiff's administrative claim required by said Act has been denied. 28 U.S.C.A. §§ 2672 and 2675. Plaintiff's action is timely brought. 28 U.S.C.A. § 2401(b).

On a visit to a Federal prisoner at McNeil Island Federal Prison in the State of Washington on December 31,

1968 the Plaintiff fell on or in the vicinity of a ramp located between a waiting room and a floating dock from which floating dock visitors boarded boats for the trip to the island prison. The premises involved belonged to the Defendant and were under its control and responsibility.

Plaintiff claims that Defendant was guilty of negligence in the construction of the ramp in that a portion thereof was not equipped with handrails and that Defendant was further guilty of negligence in allowing Plaintiff to use said ramp when unknown to her it was slick and dangerous due to ice or snow thereon and for failing to warn Plaintiff of said dangerous condition.

Plaintiff claims that her fall injured her back which required hospitalization and surgery and that she has sustained and will sustain pain and suffering and has some permanent disability from her injury for all of which she seeks money damages against the Defendant under said Act.

The Defendant asserts that it was without fault in the construction of the ramp in that it was not possible or feasible to erect handrails on the apron of the ramp either on the sides thereof or in the middle thereof; that the surface of the ramp including its apron was covered with a suitable covering which afforded good traction to users thereof. Plaintiff further asserts that the ramp including its apron or any part of either was not covered with ice or snow at the time of Plaintiff's fall but that prior to her use of the ramp any ice or snow had been eliminated and washed off by the use of salty sea water and further that Plaintiff was not only specifically warned by an agent of Defendant before she entered the ramp to be careful because of the damp or wet condition of the ramp but that because of weather conditions in general at the time, with which Plaintiff was familiar, she knew that the ramp was or would be wet or damp and that she should proceed with appropriate care. Defendant also al-leges that Plaintiff was guilty of negligence with reference to her fall in that despite a warning to the contrary from an agent of the Defendant she ran down the ramp which act on her part was negligence which was the sole or at least a contributing cause of her fall.

The Federal Tort Claim Act provides that the Defendant may be sued and damages recovered against it by an individual for personal injuries caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his employment under circumstances where the government, if a private person, would be liable to the individual in accordance with the laws of the place where the act or omission occurred. 28 U.S.C. § 2672. The applicable law in this case is that of the State of Washington. Washington law requires one to exercise ordinary care to keep his premises which others are invited to use in reasonably safe condition. Phelps v. Wescott, 68 Wash.2d 11, 410 P.2d 611 (1966). When using the premises of another by invitation an invitee has the duty to exercise ordinary care for his own safety. Phelps v. Wescott, *supra*.

From the evidence and circumstances of this case as presented herein, the Court finds and concludes that the Defendant was not guilty of negligence in the construction of the ramp including its apron but exercised ordinary care in the construction thereof. The floor covering used was highly suitable for the ramp and its apron and was slip-resistant. Due to the considerable tide differential in the area it was necessary that the ramp be equipped with a movable or hinged apron at the bottom end thereof. It was not possible under this construction to place handrails on the sides of the apron as they would either collide with the handrails on the other portion of the ramp as the apron moved with the tide or a gap in the rails would be necessary which would have the danger of pinching arms, hands, body or legs of the users of the ramp

due to movement by action of the water. The Court also finds and concludes that it was not feasible but in fact dangerous to have placed a handrail in the middle of the apron. While such a handrail would not have collided with the other handrails or created a dangerous pinching condition, such a middle handrail would have been a dangerous obstruction to one coming down the ramp in that under many circumstances users of the ramp could walk into or collide with the same to their bodily injury. Also such a middle handrail would prevent or seriously interfere with the use of the ramp for the handling of large boxes or supplies. The Court therefore finds and concludes that the design and construction of the ramp including its apron was not negligently accomplished but was built in accordance with acceptable standards of care under the circumstances.

The Court further finds and concludes that the Defendant was not negligent in the maintenance of the ramp and its apron at the time of its use by the Plaintiff. The evidence is in dispute but the Court believes and therefore finds that the Defendant by the use of salty sea water had removed any and all ice and/or snow from the ramp, its apron and the floating dock. The Defendant was familiar with weather conditions in the area and was equipped to eliminate snow and ice from these facilities by the use of pumps, hoses and nozzles. Certain employees of Defendant were charged with the responsibility of so removing snow and ice. The Court believes that such responsibility was discharged at all times involved herein and that any and all snow and/or ice had been removed from these facilities by the Defendant before the Plaintiff was permitted to use the same. This is not to find that the facilities were not wet for it appears that they were. It was snowing lightly at the time, the snow melting upon impact. But the Court finds that from the evidence the Plaintiff was actually verbally warned of this wet condition by an employee of the De-

fendant before she was allowed to enter the ramp and in addition such condition was or should have been known to the Plaintiff from the condition of the weather and by normal use of her senses.

The Court further finds from the evidence that the Plaintiff actually ran down the ramp as she was using the same which act on her part under the conditions then and there present constituted negligence in her use of the ramp. The Court finds from the evidence that while the Plaintiff was in the act of so using the ramp she was warned of such use by an agent of the Defendant but that Plaintiff nonetheless continued in such manner which resulted in her fall at the bottom thereof. Such act on the part of the Plaintiff the Court finds was the sole cause of the accident and in any event constituted contributory negligence on her part which under the law of the State of Washington would bar her recovery against the Defendant.

The Court therefore concludes that Plaintiff should not recover herein against the Defendant and her action should be dismissed.